## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| TROYCE MANASSA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, <br><br> Defendant. | No.: 1:20-cv-03172-RLY-MJD |

### JOINT REPORT ON THE STATUS OF DISCOVERY

Pursuant to the Court's October 4, 2021, Scheduling Order (Dkt. 47), the parties jointly submit the following Joint Report on the Status of Discovery.

1. **A detailed description of all discovery completed to date.**

    a. The parties served initial disclosures on October 7, 2021. The NCAA supplemented its disclosures on October 27, 2021.

    b. The parties exchanged preliminary witness and expert lists on October 14, 2021 (Dkt. Nos. 50, 51).

    c. Defendant served Plaintiffs with Interrogatories, Requests for Production of Documents, and Requests for Admissions on October 15, 2021.

    d. Plaintiffs served Defendant with Interrogatories and Requests for Production of Documents on October 27, 2021.

    e. The parties have completed their negotiation of a stipulated protocol regarding discovery of electronically stored information and hard copy documents. The parties intend to jointly file it with the Court in the next week.

2. **A detailed description of all discovery presently scheduled or pending, including the due dates for any pending discovery requests and the scheduled dates for any depositions, and the identity of the counsel responsible for completing such discovery.**

**Plaintiffs:**

   a. Plaintiffs' responses to the Interrogatories, Requests for Production of Documents, and Requests for Admission served by Defendant are due December 13, 2021, pursuant to the parties' agreement. *See* Plaintiffs' Notice of Extension of Time (Dkt. 54). Plaintiffs' counsel, Elizabeth Fegan, Jessica Meeder, Je Yon Jung, and LaRuby May are responsible for these responses.

   b. Defendant's responses to the Interrogatories and Requests for Production of Documents served by Plaintiffs are due November 26, 2021. Plaintiffs are mindful of the Court-ordered discovery schedule and the Court's determination that discovery proceed in a unified manner. Thus, Plaintiffs' written discovery requests were carefully drafted to elicit information relevant to both the substance of Plaintiffs' claims and class certification.

**Defendant:**

   a. On October 15, 2021, the NCAA served a First Set of Requests for Production on Plaintiffs Austin Dasent and Troyce Manassa. Each set contains 3 extremely narrow requests to obtain threshold discovery that impacts the viability of Plaintiffs' claims. Specifically, these requests ask for copies of each Plaintiff's National Letter of Intent, which is the alleged contract that Manassa and Dasent base their claims on, and also asks one statute of limitations related request. November 15, 2021, is the original deadline for Plaintiffs to serve responses and objections to the 3 respective document requests propounded, but the NCAA agreed to Plaintiffs'

        request for a 28-day extension of time to respond, extending this deadline until December 13, 2021.[1]

  b.  On October 15, 2021, the NCAA served a First Set of Interrogatories on Plaintiffs Austin Dasent and Troyce Manassa. Each set contains 2 targeted interrogatories to elicit threshold discovery that impacts the viability of Plaintiffs' claims. Specifically, the interrogatories ask one statute of limitations related request, and ask that each Plaintiff identify the facts supporting any Request for Admissions responses provided that are not an unqualified admission. November 15, 2021, is the original deadline for Plaintiffs to serve responses and objections to the 2 respective interrogatories propounded, but the NCAA agreed to Plaintiffs' request for a 28-day extension of time to respond, extending this deadline until December 13, 2021.

  c.  On October 15, 2021, the NCAA served a First Set of Requests for Admissions on Plaintiff Austin Dasent containing 32 targeted requests for admissions ("RFAs"), and a First Set on Plaintiff Troyce Manassa containing 29 RFAs. Each set contains RFAs aimed to elicit threshold information concerning the viability of Plaintiffs' claims. Specifically, the RFAs propound admissions related to the substance of each Plaintiff's National Letter of Intent, which are the alleged contracts that form

---

[1] Plaintiffs' statement: Plaintiffs dispute Defendant's characterizations of Plaintiffs' claims or the bases thereof and object to their inclusion in this factual Joint Status Report on Discovery. Plaintiffs requested that Defendant remove any such arguments in this factual Joint Report, but Defendant declined.
The NCAA's statement: Consistent with the Court's joint status report template, the NCAA's report entries provide a "detailed description" that summarizes the substance of the discovery it served, which it does not consider to be argument. The summary provided gives context for the NCAA's rationale in serving limited opening discovery, because the discovery responses received will inform the NCAA's subsequent discovery.

the basis of their claims, admissions related to the applicable statute of limitations, and admissions regarding what National Letter of Intent terms each Plaintiff was aware of. November 15, 2021, is the original deadline for Plaintiffs to serve responses and objections to the RFAs propounded, but the NCAA agreed to Plaintiffs' request for a 28-day extension of time to respond, extending this deadline until December 13, 2021.

d. The NCAA's responses and objections to Plaintiffs' First Set of Requests for Production, which propound 60 comprehensive document requests, is due on November 26, 2021. The NCAA's responses and objections to Plaintiffs' First Set of Interrogatories, which propound 18 detailed interrogatories, is due on November 26, 2021.

3. **A detailed description of any discovery disputes presently pending, including the status of the resolution of the dispute and the identity of the counsel responsible for resolving the dispute.**

**Defendant:**

a. The NCAA intends to file a Motion for Entry of a Protective Order because, among other things, several of Plaintiffs' discovery requests seek the production of non-public financial information, educational records, and competitively sensitive business information. The parties are continuing to confer regarding the terms of a proposed protective order, and will complete their conference no later than November 17, 2021, and to the extent possible, will submit a joint motion for the entry of a protective order.

b. The NCAA requested that Plaintiffs supplement their initial disclosures to address deficiencies regarding the identity of known fact witnesses. Plaintiffs will

supplement their initial disclosures and provide responses to Defendant's discovery as soon as they are available for disclosure. Counsel responsible for resolving this dispute are Plaintiffs' counsel Jessica Meeder, and the NCAA's counsel Chisara Ezie-Boncoeur.

**Plaintiffs:**

a. The NCAA provided the Plaintiffs with a proposed Protective Order on November 11, 2021. Plaintiffs are reviewing the Defendant's proposal and will provide a substantive response as soon as practicable. The parties are continuing to confer regarding the terms of a proposed protective order, and will complete their conference no later than November 17, 2021, and to the extent possible, will submit a joint motion for the entry of a protective order.

4. **A detailed description of all discovery that is planned to be completed within the 28-day period following the report, including the identity of the counsel responsible for completing such discovery.**

**Plaintiffs:**

*See* answer to Number 2 and footnote 1. The parties have both propounded their first set of discovery. Plaintiffs expect that discovery will continue to be informed by ongoing discovery responses, and anticipate, for example, propounding additional written discovery requests. Plaintiffs' counsel Elizabeth Fegan, Jessica Meeder, Je Yon Jung, and LaRuby May are responsible for these responses.

**Defendant:**

The NCAA's pending discovery will shed light on its position that Plaintiffs and the putative class members lack viable claims in this lawsuit because they lack any contractual benefit, privilege, right, or term to postseason access in any way, nor to the items listed in

Complaint paragraph 250 (a)-(f). As such, Plaintiffs' December 13, 2021, responses to the NCAA's pending discovery will inform the NCAA's subsequent discovery plans. The NCAA's counsel Chisara Ezie-Boncoeur is responsible for developing the NCAA's subsequent discovery plan based on review and analysis of Plaintiffs' forthcoming discovery responses.

5. **A description of all known discovery remaining to be completing in this matter, including a proposed timetable for the completion of such discovery and the identity of the counsel responsible for completing such discovery.**

**Plaintiffs:**

Plaintiffs will have a better understanding of necessary forthcoming discovery once documents are exchanged and analyzed. However, at this juncture, Plaintiffs expect that they will engage in additional written discovery and will conduct depositions of party witnesses (e.g., the NCAA's corporate witnesses and 30(b)(6) witnesses), numerous fact witnesses, and expert witnesses (once disclosed) between now and the August 12, 2022, and January 18, 2023, discovery close dates. Plaintiffs expect to provide further detail in this regard as discovery progresses.

**Defendant:**

The NCAA will prepare a second set of interrogatories and requests for production to serve on each Plaintiff addressing factual issues more expansive than the limited threshold discovery served to date. The NCAA anticipates serving this set after having the opportunity to review and analyze Plaintiffs' December 13, 2021, responses to the NCAA's pending discovery. Once the parties have completed their document production, the NCAA intends to depose each Plaintiff. To the extent Plaintiffs' claims remain in this lawsuit, class based discovery concerning the numerosity of the proposed class, the amount in

controversy under the Class Action Fairness Act, and whether or not common issues predominate over the individualized issues in this case will be needed. The NCAA's counsel, Chisara Ezie-Boncoeur and Brian Casey, are responsible for developing the NCAA's class based discovery plan.

To the extent Plaintiffs' claims remain in this lawsuit, there may be a need for expert discovery. The NCAA's counsel, Chisara Ezie-Boncoeur and Brian Casey, will continue to assess this need.

6. **Any other discovery issues any party believes should be brought to the attention of the Court so as to avoid any further delays in the completion of discovery in this matter.**

None at this time.

DATED: November 15, 2021

Respectfully submitted,

By: */s/ V. Chisara Ezie-Boncoeur*[2]
Victor D. Vital (Admitted *Pro Hac Vice*)
victor.vital@btlaw.com
R. Anthony Prather
tony.prather@btlaw.com
V. Chisara Ezie-Boncoeur
cezie@btlaw.com
Brian E. Casey
brian.casey@btlaw.com
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
Telephone: (317) 231-7435
Facsimile: (317) 231-7433

*Attorneys for Defendant the NCAA*

-AND-

By: */s/ Jessica H. Meeder*

---

[2] Mr. Vital can be contacted at Barnes and Thornburg LLP's Dallas, Texas office. Ms. Ezie-Boncoeur and Mr. Casey can be contacted at Barnes and Thornburg LLP's South Bend, Indiana office.

Jessica H. Meeder *(admitted pro hac vice)*
jessica@feganscott.com
**FEGAN SCOTT LLC**
1200 G Street, N.W., Suite 800
Washington, DC  20005
Telephone:     (202) 434-8992
Facsimile:       (202) 217-2814

Elizabeth A. Fegan *(admitted pro hac vice)*
beth@feganscott.com
**FEGAN SCOTT LLC**
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone:     (312) 741-1019
Facsimile:       (312) 264-0100

Je Yon Jung (admitted *pro hac vice*)
**MAY LIGHTFOOT PLLC**
3200 Martin Luther King Jr. Ave. S.E.
Third Floor
Washington, DC  20032
Telephone:  (202) 918-1824
Facsimile:  (202) 918-1010
jjung@maylightfootlaw.com

LaRuby May (admitted *pro hac vice*)
**LIGHTFOOT PLLC**
3200 Martin Luther King Jr. Ave. S.E.
Third Floor
Washington, DC  20032
Telephone:  (202) 918-1824
Facsimile:  (202) 918-1010
lmay@maylightfootlaw.com

William N. Riley, Bar No.:  14941-49
Russell B. Cate, Bar No.: 27596-29
**RILEYCATE, LLC**
11 Municipal Drive, Ste. 320
Fishers, IN  46038
Telephone:  (317) 588-2866
Facsimile:  (317) 458-1875
wriley@rileycate.com
rcate@rileycate.com

*Attorneys for Plaintiffs and the Proposed Class*