UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TROYCE MANASSA, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>　　　　Defendant. | Case No. 1:20-cv-03172-RLY-MJD |

## **JOINT REPORT ON THE STATUS OF DISCOVERY**

Pursuant to the Court's October 4, 2021, Scheduling Order (Dkt. No. 47) and February 9, 2022 Minute Entry (Dkt. No. 79), the parties jointly submit the following Joint Report on the Status of Discovery.

**1.  A detailed description of all discovery completed within the preceding 28 days.**

On February 21, 2022, the NCAA made a supplemental document production containing 337 documents totaling 7,934 pages of documents.

On February 28, 2022, the NCAA made a supplemental document production containing 74 documents totaling 5,594 pages of documents. The NCAA also produced First Supplemental Objections and Answers to Plaintiff's Interrogatories on February 28, 2022.

**Plaintiff:**

On February 28, 2022, Plaintiff served its Objections and Responses to Defendant's Second Set of Requests for Production of Documents, Requests for Admission, and Interrogatories.

-1-

**2.   A detailed description of all discovery presently scheduled or pending, including the due dates for any pending discovery requests and the scheduled dates for any depositions, and the identity of the counsel responsible for completing such discovery.**

**Plaintiff:**

1) Plaintiff served a third-party subpoena on the CCA on February 7, 2022. After multiple communications from Defendant NCAA's counsel purportedly on behalf of CCA, which Plaintiff declined, Plaintiff ultimately received communication directly from CCA's counsel and agreed to a 14-day extension to respond to the subpoena. The new response date is now March 9, 2022. To date, Plaintiff has not received any responsive documents from the CCA;

2) Plaintiff agreed to hold the NCAA 30(b)(6) deposition, served on Defendant on February 3, 2022, in abeyance pending Defendant's "rolling production" representations. To date, Defendants have produced approximately 21,000 pages of documents. The majority of these documents are publicly available manuals spanning hundreds of pages. However, none of the 21,000 plus pages of documents have been identified to Plaintiff as to which documents requests they are responsive nor have they been identified by subject matter. Plaintiff disagrees with Defendant's position that all 21,000+ documents and the documents anticipated to be produced on a "rolling basis" in the future are in compliance with its obligations under Rule 34 (see No. 3 below);

3) Plaintiff continues to be concerned with the limited information Defendant has provided to date regarding its proposed method of document production and just provided information regarding custodians. The parties continue to discuss these issues;

4) Plaintiff served a third-party subpoena *duces tecum* on Savannah State University ("SSU") on February 14, 2022. Plaintiff has been in ongoing discussions with SSU regarding its production;

5) Plaintiff served a third-party subpoena *duces tecum* on Howard University ("HU") on February 17, 2022. Plaintiff has been in ongoing discussions with HU regarding its productions; and

6) Plaintiff served a third-party subpoena *duces decum* on Southern University System ("Southern") on February 21, 2022.

Attorneys Elizabeth Fegan, Je Yon Jung, LaRuby May, and Brooke Achua are responsible for these matters.

**The NCAA:**

The NCAA is still diligently making rolling document productions, given the large volume of data exceeding 260 GB involved in responding to Plaintiff's comprehensive document requests. The parties had a useful meet and confer on February 28, 2022, regarding logistics related to using a technology assisted review platform ("TAR") as part of the NCAA's document review process. The parties anticipate having a follow up meeting regarding TAR logistics soon. The NCAA's counsel, Chisara Ezie-Boncoeur and Brian Casey, are responsible.

**3. A detailed description of any discovery disputes presently pending, including the status of the resolution of the dispute and the identity of the counsel responsible for resolving the dispute.**

**Plaintiff:**

Plaintiff agreed to hold the NCAA 30(b)(6) deposition, served on Defendant on February 3, 2022, in abeyance pending Defendant's "rolling production" representations. To date, Defendants have produced approximately 21,000 pages of documents. Plaintiff is in the process of reviewing these documents and will raise any deficiencies as they identify them. The majority of these documents are publicly available manuals spanning hundreds of pages. However, none of the 21,000 plus pages of documents have been identified to Plaintiff as to which documents

requests they are responsive nor have they been identified by subject matter. Plaintiff disagrees with Defendant's position that all 21,000+ documents and the documents anticipated to be produced on a "rolling basis" in the future are in compliance with its obligations under Rule 34. The Plaintiff continues to be concerned with the limited information Defendant has provided to date regarding its proposed method of document production. However, Plaintiff will continue to work with Defendant to resolve its areas of concern. Attorneys Elizabeth Fegan, Je Yon Jung, LaRuby May, and Brooke Achua are responsible for this matter.

**The NCAA**: In accordance with Federal Rule of Civil Procedure 34(b), the NCAA has produced documents as "they are kept in the usual course of business", by producing each document with its respective metadata, detailing the exact manner in which each document was kept in the usual course of the NCAA's business. To date, the NCAA has produced 452 documents totaling 21,137 pages. Plaintiff requested that the NCAA identify by bates-number, each document produced by the NCAA that corresponds to each of Plaintiff's 60 document requests. The NCAA has continued to produce documents as they are kept in the usual course of business because this approach complies with Rule 34(b), and it mitigates the substantial burden and expense associated with corresponding 452 documents and counting, to each of Plaintiff's 60 requests for production.

The parties met and conferred about this matter, and Plaintiff's counsel indicated that they did not agree with the NCAA's interpretation of Rule 34(b).

  **4. A detailed description of all discovery that is planned to be completed within the 28-day period following the report, including the identity of the counsel responsible for completing such discovery.**

**Plaintiff**:

    1) Plaintiff anticipates proceeding with the 30(b)(6) of the NCAA previously noticed, particularly given Defendant's ongoing discovery objections and productions, including its

position that it is not obligated to identify the documents that it has already produced as responsive to any particular requests by Plaintiff;

2)  Plaintiff anticipates additional 30(b)(6) depositions of Defendant NCAA;

3)  Plaintiff anticipates receiving responses to its third-party subpoenas to CCA, SSU, Southern, and HU; and

4)  Plaintiff anticipates additional third-party subpoenas to be issued during this period. Attorneys Elizabeth Fegan, Je Yon Jung, LaRuby May, and Brooke Achua are responsible for this matter.

**The NCAA:** On March 4, 2022, the NCAA served a Notice of Subpoena *Deuces Tecum* for Savannah State University, the university that Plaintiff attended as a student-athlete.

The NCAA is evaluating additional written discovery needs based on review and analysis of the discovery responses served by Plaintiff on February 28, 2022. Chisara Ezie-Boncoeur and Brian Casey, are responsible for developing the NCAA's discovery plan.

5. **A description of all known discovery remaining to be completed in this matter, including a proposed timetable for the completion of such discovery and the identity of the counsel responsible for completing such discovery.**

**Plaintiff:**

Plaintiff anticipates substantial ongoing discovery over the course of the next several months, including 30(b)(6) and fact depositions including, but not limited to, members of the HBCU Academic Advisory Group, NCAA's corporate witnesses and 30(b)(6) witnesses, NCAA corporate and fact witnesses related to the APP and its various iterations, other fact witnesses, and expert witnesses (once disclosed). Plaintiff expects to provide further detail in this regard as discovery progresses and complete discovery responses are received from Defendant. Attorneys Elizabeth Fegan, Je Yon Jung, LaRuby May, and Brooke Achua are responsible for this matter.

**The NCAA:**

Based on preliminary review of Plaintiff's discovery responses served on February 28, 2022, the NCAA is evaluating preparing third party discovery to serve on the Mid-Eastern Athletic Conference ("MEAC"), because Plaintiff alleges that he was subject to certain unidentified MEAC regulations.

If this matter proceeds to the class certification stage and/or Plaintiff's claims remain in this lawsuit, class based discovery concerning the numerosity of the proposed class, the amount in controversy under the Class Action Fairness Act, and whether or not common issues predominate over the individualized issues in this case will be needed. The NCAA's counsel, Chisara Ezie-Boncoeur and Brian Casey, are responsible for developing the NCAA's discovery plan.

6. **Any other discovery issues any party believes should be brought to the attention of the Court so as to avoid any further delays in the completion of discovery in this matter.**

**The NCAA:** Production of documents containing personally identifiable information related to non-party student-athletes implicates the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g; 34 CFR Part 99, ("FERPA"), a federal statute whose purpose is to set out requirements for the protection of privacy of parents and students under section 444 of the General Education Provisions Act.[1] The NCAA seeks the Court's guidance on how to produce responsive documents that contain personally identifiable information of non-party student-athletes, such as whether this should be produced on an Attorneys' Eyes Only basis, or with redactions, which we understand has associated burdens.

For example, the NCAA's Academic Performance Plan which is challenged in this lawsuit, assesses a sports team based on the calculation of each team member's academic performance, not

---

[1] *See e.g.,* https://studentprivacy.ed.gov/node/548/#0.1_se34.1.99_11 at § 99.2 "What is the purpose of these regulations?"

the performance of one single student-athlete. Because Plaintiff participated on a basketball team with other student-athletes, in addition to the broad scope of Plaintiff's document requests, responsive documents may include documents containing the type of personally identifiable information protected by FERPA, including, but not limited to: the names of non-party student-athletes and their family members, their addresses, emails, social security numbers or student identification numbers, school transcripts.

**Plaintiff:**

This is the first time that this issue has been formally raised by Defendant. Defendant has not held a meet and confer with Plaintiff regarding this issue. Plaintiff is aware of multiple avenues for protecting any Personally Identifiable Information, including anonymizing PII. Plaintiff does not believe an "Attorneys' Eyes Only" designation is appropriate or necessary under the Court's existing confidentiality order.

DATED: March 7, 2022                    Respectfully submitted,

*/s/ V. Chisara Ezie-Boncoeur*
Victor D. Vital (Admitted *Pro Hac Vice*)[2]
victor.vital@btlaw.com
V. Chisara Ezie-Boncoeur
cezie@btlaw.com
Brian E. Casey
brian.casey@btlaw.com
BARNES & THORNBURG LLP
201 S. Main Street
South Bend, IN  46204
Telephone: 574-233-1171
Facsimile: 574-237-1125

*Attorneys for Defendant the NCAA*

AND

---

[2] Mr. Vital can be contacted at Barnes & Thornburg LLP's Dallas, Texas office.

By:  */s/ Je Yon Jung*

Elizabeth A. Fegan *(admitted pro hac vice)*
beth@feganscott.com
**FEGAN SCOTT LLC**
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone:  (312) 741-1019
Facsimile: (312) 264-0100

Je Yon Jung (admitted *pro hac vice*)
**MAY LIGHTFOOT PLLC**
3200 Martin Luther King Jr. Ave. S.E.
Third Floor
Washington, DC  20032
Telephone:  (202) 918-1824
Facsimile:  (202) 918-1010
jjung@maylightfootlaw.com

LaRuby May (admitted *pro hac vice*)
**LIGHTFOOT PLLC**
3200 Martin Luther King Jr. Ave. S.E.
Third Floor
Washington, DC  20032
Telephone:  (202) 918-1824
Facsimile:  (202) 918-1010
lmay@maylightfootlaw.com

Brooke Achua *(admitted pro hac vice)*
brooke@feganscott.com
**FEGAN SCOTT LLC**
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone:  (646) 502-7910
Facsimile: (312) 264-0100

William N. Riley, Bar No.:  14941-49
Russell B. Cate, Bar No.: 27596-29
**RILEYCATE, LLC**
11 Municipal Drive, Ste. 320
Fishers, IN  46038
Telephone:  (317) 588-2866
Facsimile:  (317) 458-1875
wriley@rileycate.com
rcate@rileycate.com

*Attorneys for Plaintiff and the Proposed Class*

-8-

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document has been filed using this court's ECF system and counsel of record for all parties will be served accordingly.

<u>*/s/ V. Chisara Ezie-Boncoeur*</u>
V. Chisara Ezie-Boncoeur