# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| TROYCE MANASSA, individually and on behalf of all others similarly situated,   )<br>   )<br>Plaintiff,   )<br>   )<br>v.   )<br>   )<br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,   )<br>   )<br>Defendant.   ) | Case No.: 1:20-cv-03172-RLY-MJD |

## DECLARATION OF JE YON JUNG

I, Je Yon Jung, am over 18 years of age and declare as follows:

1. I am counsel at May Lightfoot, PLLC, and am one of Plaintiff Troyce Manassa's attorneys in this above-captioned matter. In support of Plaintiff's Motion to Compel (Dkt. 98) and this Reply, I have personal knowledge of the facts herein and submit as follows.

2. Plaintiff served Defendant with his First Set of Requests for Production of Documents on October 27, 2021. Defendant requested an extension and responded on December 24, 2021, with boilerplate objections and largely publicly available manuals.

3. Undersigned counsel, among other counsel for Plaintiff, participated in two meet and confer telephone zoom calls with Defendant's counsel, Ms. Chisara Ezie-Boncoeur on January 12 and January 19, 2022. Plaintiff's counsel objected to Defendant's wholesale boilerplate objections to all of Plaintiff's RFPs and failure to produce responsive documents to as of that date, other than publicly available manuals and documents. (See Reply Exhibit 2).

4. Notwithstanding Defendant's boilerplate objections for nearly every one of Plaintiff's documents requests, Ms. Ezie-Boncoeur identified RFPs 18, 19, 20, 22, 26, 27, 34, and 35 for Plaintiff's consideration of a date range from 2010-2020.

5. In response to Ms. Ezie-Boncoeur's specific RFP request for consideration of a date limit range for all of Plaintiff's RFPs, Plaintiff responded on January 28, 2022, that it would agree to a date limit beginning on January 1, 2010, for RFPs 9, 14, 15, 20, 23, 28, 29, and 39 (Dkt. 98-2). The same letter indicated that Plaintiff would agree to modify RFP 49, which originally stated:

> All documents relating to any investigations, allegations, grievances, or complaints, whether formal or informal, public or private, relating to Division I academic requirements and programs, including, but not limited to, the APP.

Plaintiff agreed to modify the RFP the request to documents relating to "Division I academic requirements and programs, including the APP, its predecessors and components." *Id.*

6. Finally, Plaintiff's January 28, 2022, letter clearly stated that "All other document requests appear to be self-limiting and should not be subject to a date limitation." *Id.*

7. The first indication we received from defense counsel regarding their disagreement with our meet and confer discussions in January, was on March 31, 2022. (Dkt. 98-3).

8. Defendant Mr. Brian Casey's letter on March 31, 2022, included its response to Plaintiff regarding its search efforts for documents responsive to Plaintiff's discovery requests generally and stated "…to be clear, we are not identifying as responsive documents which relate to what you characterize as predecessors to the APP." (Dkt. 98-3).

9. On April 8, 2022, the parties had a meet and confer to discuss Defendant's categorical objection to predecessor academic requirement programs to the APP. Defendant maintained its position that it would not produce any documents responsive to any RFPs

related to predecessor programs. Undersigned counsel sent Counsel Ezie-Boncoeur and Casey an email indicating the impasse and escalation to the Magistrate Judge for an informal discovery conference. (Dkt. 106-1 p. 31).

10. On April 21, 2022, the Parties also submitted statements to Magistrate Judge Dinsmore indicating that the dispute related to Defendant's categorical objection to producing documents related to Defendant's academic requirements predating the APP. (Dkt. 106-1, pp. 34-40).

11. The parties participated in an informal discovery hearing before Magistrate Judge Dinsmore on April 22, 2022, without successful resolution of the discovery dispute outlined above.

12. Defendant indicated during the conference on April 22, 2022, that a subsequent and final meet and confer meeting with Plaintiff may be productive. Plaintiff agreed to a subsequent meeting, subject to assurances that Defendant would reconsider its categorical objection to predecessor programs.

13. Accordingly, the parties held a final meet and confer on April 26, 2022. However, Defendant's categorical exclusion of predecessor program discovery remained unchanged.

14. Based on the foregoing, Plaintiff complied with its meet and confer obligations in accordance with Fed. R. Civ. P. 37(a)(3)(B)(iv) and Local Rule 37.1.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 9th day of June, 2022.         /s/ Je Yon Jung
                                                Je Yon Jung