UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TROYCE MANASSA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:20-cv-03172-RLY-MJD |
| ) | |
| NATIONAL COLLEGIATE ATHLETIC ) | |
| ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on Plaintiff's Unopposed Motion to Modify the Case Management Order in Accord with Due Process Requirements for Absent Class Members Under Fed. R. Civ. P. 23. [Dkt. 164.] Because the reason given for the requested relief—protecting the due process rights of the putative class—does not justify the relief sought, the motion is **DENIED**.

In his motion, Plaintiff seeks to suspend virtually all of the remaining case management deadlines in this case[1] pending the Court's ruling on his motion for class certification, which will become ripe on April 14, 2023. Plaintiff argues that this is necessary because "[t]he filing of summary judgment motions by Plaintiff and/or Defendant before absent class members have a reasonable opportunity to opt-out or intervene risks a waiver of the right to bind absent class

---

[1] Plaintiff does not seek to modify the deadlines relating to class certification and the deadline for non-liability discovery.

members." [Dkt. 164 at 6.]  It is true that "[w]hen the defendant moves for and obtains summary judgment before the class has been properly notified, the defendant waives the right to have notice sent to the class, and the district court's decision binds only the named plaintiffs." *Faber v. Ciox Health, LLC*, 944 F.3d 593, 602-03 (6th Cir. 2019).  However, it is not necessary to suspend the filing and briefing of summary judgment motions in order to avoid this problem; it is only necessary that the Court not issue its ruling on any summary judgment motions until after any class is certified and proper notice is given.

Under the current schedule, the parties' cross motions for summary judgment will not become ripe until August 18, 2023.  Those motions will then enter the district judge's queue of motions awaiting ruling.  The case management schedule is designed so that it is likely that there will be ample time for the class certification motions to be resolved and any necessary notice to be sent out before the summary judgment motions reach the front of the queue.  In the event that is not the case, a request within the motions that ruling be deferred until after such notice is given, or a separate motion to that effect, will avoid any potential waiver while also keeping this case on track to be resolved within a reasonable time.

Plaintiff also argues that "[l]iability-related expert discovery should fall after the Court's decision on class certification so that the experts' opinions can be tied to the certified classes." [Dkt. 164 at 7]; *see also* [Dkt. 131 at 5-7].  While it certainly is the case that the precise class definition might affect an expert's opinions in some circumstances, Plaintiff does not articulate how a revision of the proposed class would substantially affect the experts' opinions given the particular claims in this case.

The Court already has informed the parties that it would not extend the deadlines in question, *see* [Dkt. 132 at 3], and the Court remains unconvinced that there is good cause for any

2

such extensions.  Rather, it appears the that parties are seeking delay for delay's sake, which is contrary to the directive that the Court must manage cases in such a way as to promote "the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

    SO ORDERED.

Dated:  27 FEB 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.