UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TROYCE MANASSA, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, <br><br> Defendant. | Case No.: 1:20-cv-03172-RLY-MJD |

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

## I.   INTRODUCTION

In accordance with the Court's February 3, 2023 Order (Dkt. No. 157), Plaintiff respectfully moves under Fed. R. Civ. P. ("Rule") 37(a)(5) for an award of reasonable expenses incurred in pursuing his Motion to Compel Defendant's Production of Data Underlying the Academic Performance Program and Its Predecessor Programs ("Motion to Compel") (Dkt. Nos. 149 and 149-1 through 149-5) and this instant motion. Plaintiff seeks an award reimbursing him reasonable expenses of **$108,322.50.**

## II.   RELEVANT BACKGROUND

On December 21, 2022, Plaintiff moved to compel the NCAA to produce four categories of information: (1) Penalty Data, (2) Database Information, (3) Paskus's Data and Model, and (4) LRI Information. *See generally* Motion to Compel memorandum (Dkt. No. 149-1) (describing each of these categories in further detail). Plaintiff tried to obtain the data and information at issue for months (e.g., sending letters and emails, engaging in multiple meet-and-confers, noticing and later deferring his 30(b)(6) deposition of the NCAA on data topics, and relying on the NCAA's representations that it was making its best efforts to provide much of the information sought). *See id.*; *see also, e.g.,* Declaration of Je Yon Jung (Dkt. No. 149-4); reply brief (Dkt. No. 150); and Exhibits 3 (Dkt. No. 150-4), 5-9 (Dkt. Nos. 150-6 – 150-10) to the NCAA's response in opposition, reflecting relevant correspondence among the parties (Dkt. Nos. 150-2; 150-6; and 150-8 through 150-10).

On February 3, 2023, the Court granted Plaintiff's Motion to Compel in part and authorized this "motion seeking fees with regard to the portions of this motion on which Plaintiff prevailed." Dkt. No. 157 ("Order"), p. 18. The Court ruled as follows:

(1) The Court granted Plaintiff's motion as to **Penalty Data**. Order, pp. 5-11, 18.

(2) Regarding **Database Information**, the Court denied Plaintiff's request as premature

2

but nevertheless held that the NCAA would have to produce the requested information if it opted to produce raw data. *Id.* at 11-12. (And the NCAA did opt to produce raw data).

(3) For **Paskus's Data and Model**, the Court held that "Defendant is obligated to produce" "documents that relate to the Paskus Study that are responsive to Plaintiff's document requests that have not yet been produced," but denied Plaintiff's motion because the nature of the dispute was unclear, Plaintiff had not demonstrated that Defendant had not fulfilled its discovery obligations, and Plaintiff could conduct additional targeted discovery if necessary. *Id.* at 12-13.

(4) Finally, the Court granted Plaintiff's motion as to **LRI Information**, using a relevant time period of 2005. *Id.* at 14-18.

The Court also rejected various "procedural" arguments Defendant made regarding which discovery requests were at issue, the breadth of the discovery requests, the support for Plaintiff's motion, and proportionality. *Id.* at 3-5.

The Court declined to award attorney fees to Defendant and allows Plaintiff to file this Motion. *Id.* at 18.

### III.   LEGAL STANDARD

Under Rule 37, "if the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." Fed. R. Civ. P. 37(a)(5)(A); *see also* Fed. R. Civ. P. 37(a)(5)(C) (the court may "apportion the reasonable expenses for the motion" "[i]f the motion is granted in part and denied in part"). The Seventh Circuit has held that the rule "presumptively requires every loser to make good the victor's costs." *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994).

The only exceptions are if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Further, "[t]he burden of persuasion is on the losing party to avoid assessment of fees, rather than on the winning party to obtain such an award." *Malibu Media, LLC v. Harrison*, No. 1:12-cv-01117, 2014 WL 5392097, at *1 (S.D. Ind. Oct. 23, 2014) (J. Dinsmore).

District courts are given great discretion in assessing the reasonableness of the hours expended by counsel. *See Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007) (noting that the "highly deferential version of the 'abuse of discretion' standard" applies here). Courts in this district have applied the lodestar method – multiplying a reasonable hourly rate by the number of hours reasonably expended on the motion – to determine reasonable attorneys' fees. *See Houston v. C.G. Sec. Servs., Inc.*, 820 F.3d 855, 859 (7th Cir. 2016); *Knauf Insulation v. Johns Manville Corp.*, No. 1:15-cv-00111, 2019 WL 10947458, at *3 (S.D. Ind. Feb. 27, 2019) (J. Dinsmore). "There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (citations omitted).

In addition to fees incurred in litigating a motion to compel, certain "circumstances in which time spent prior to the filing of a discovery motion are properly included in a fee award under Rule 37," including time spent in good faith meet-and-confer efforts, including drafting and reviewing correspondence and preparing and partaking in meet-and-confer calls. *See Senior Lifestyle Corp. v. Key Benefit Adm'rs, Inc.*, No. 1:17-cv-02457, 2020 WL 3642511, at *6 (S.D. Ind. July 6, 2020) (J. Dinsmore); *Rackemann v. LISNR, Inc.*, No. 1:17-cv-00624, 2018 WL

3328140, at *6 (S.D. Ind. July 6, 2018) (J. Dinsmore) (noting that "federal courts have often allowed fees for meeting and conferring to be included in awarded attorney fees"). Likewise, fees incurred in preparing a motion for costs or attorneys' fees are also recoverable. *See, e.g.*, *Stinnett v. EOS CCA*, No. 1:15-cv-00691, 2017 WL 1365374, at *2 (S.D. Ind. Apr. 14, 2017) (awarding attorneys' fees incurred litigating attorneys' fees motion).

IV. **ARGUMENT**

    a. **Plaintiff is entitled to an award of attorneys' fees.**

Plaintiff is entitled to an award of the attorneys' fees he incurred in bringing his Motion to Compel. This Court granted the majority of Plaintiff's Motion.

The Court compelled the NCAA to produce two of the four categories of documents Plaintiff sought: Penalty Data and LRI Information. Dkt. No. 157, pp. 11, 18.

Regarding a third category, Database Information, the Court recognized Plaintiff's request as valid, but premature:

> Plaintiff will, of course, require this information if Defendant chooses to produce the raw data to fulfill its obligation to produce the [Penalty Data]. However, the information will be irrelevant if Defendant chooses to produce the penalty information in computer-readable form instead of raw data. Accordingly, Plaintiff's motion to complete his information is DENIED as premature. However, if Defendant chooses to produce raw data, it will have to proceed this information as well.

*Id.* at 11-12. Ultimately, despite claiming impossibility for months, Defendant did produce raw data and the sought-after Database Information.[1]

Even as to the fourth category of information, for which the motion was denied, the Court recognized that the information sought was responsive and should have been produced by Defendant. *Id.* at 12-13.

---

[1] Plaintiff is still evaluating whether this Database Information is sufficient and complete.

5

Under these circumstances, Fed. R. Civ. P. 37(a)(5)(A) requires that the NCAA and its counsel, whose conduct necessitated the motion, pay Plaintiff's reasonable expenses incurred in making his Motion. *See* Dkt. No. 157.

None of the three exceptions to this Rule as set forth in Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii) applies here. Plaintiff met and conferred by email, letter, and phone with the NCAA to request responses to its discovery obligations on multiple occasions. Memorandum, Dkt. No. 149-1; Jung Decl., Dkt. No. 149-4. Plaintiff brought the Motion only after the NCAA failed to continuously meet its discovery obligations and the parties reached an impasse. *Id.* Plaintiff also asked for and received the Court's permission to file the Motion at the parties' December 15, 2022 status teleconference. Dkt. No. 148. And the Court's findings demonstrate that NCAA's refusal to provide the necessary data and information was unjustified. *See* Dkt. No. 157.

For example, with regard to Penalty Data, the Court recognized that the NCAA: "provided no information at all" to support its assertions of burden; did not dispute the information was stored in a database, the purpose of which is to make large amounts of data accessible and usable; mischaracterized Plaintiff's argument; wrongly claimed that Plaintiff did not request the format he sought; and wrongly claimed the information was produced by Defendant as it was "kept in the ordinary course of business." Dkt. No. 157, pp. 7-11.

As to the LRI Information, for example, the Court noted that it was "[n]ot surprising[]" that Plaintiff wanted to know the LRI formula referenced in multiple documents, but "What is surprising is that Defendant takes the position that it is not required to provide that information." Dkt. No. 157, p. 16. Still, Plaintiff was forced to bring his motion to obtain this information.

Plaintiff's reply further details myriad misrepresentations and mischaracterizations made

in Defendant's opposition brief.[2] Those misrepresentations compounded the demands of briefing, as Plaintiff was required to vet and respond to the NCAA's various claims about what it had already produced and what newly cited documents its productions contained, only to discover that the information remained missing – a pattern that occurred throughout the meet-and-confer process that led to the Motion to Compel.

Accordingly, as a successful movant on a motion to compel, and in the absence of any of the permitted exceptions, Plaintiff is entitled to reasonable expenses in bringing his Motion.

### b. Plaintiff's request for attorneys' fees is reasonable.

Plaintiff is seeking fees for activities connected to bringing his successful Motion to Compel – including time spent on work that would not have been incurred had the NCAA been cooperative in discovery and made appropriate responses and productions and time spent on Plaintiff's Motion and subsequent briefing – and time spent on this fee motion.

The lodestar amount Plaintiff requests is **$108,322.50**. This amount is reasonable. It is based on the hours Plaintiff's counsel and their staff worked, multiplied by their hourly rates. The hourly rates are derived from Plaintiff's counsel's actual billing rate for similar litigation. *See Pickett*, 664 F.3d at 640 (defining reasonable hourly rate as one "derived from the market rate for the services rendered. . . . [and] presum[ing] that an attorney's' actual billing rate for similar litigation is appropriate to use as the market rate.") (citations and internal quotations

---

[2] Reply, e.g., p. 4 (addressing Defendant's mischaracterization of the data Plaintiff sought); p. 5 (addressing Defendant's false claims that the data was never requested); p. 7 (addressing Defendant's false claims that the requested data was already produced); pp. 7-8 (addressing Defendant's false and unsupported claims about burden); p. 9 (addressing Defendant's mischaracterization of Plaintiff's request for raw data); p. 9, n. 3 (addressing Defendant's misrepresentation of Plaintiff's purported agreement to limit the scope of data produced); p. 10-11 (addressing Defendant's false claim that a reasonably usable format was not required or requested); pp. 14-15 (addressing Defendant's misleading claim that Plaintiff did not propound discovery seeking the LRI information); and pp. 15-17 (addressing Defendant's false claims that certain produced documents contain the sought-after information).

omitted).

The specific bases for this request are detailed in the attached Declaration of Melissa Clark.  As discussed in that declaration, Plaintiff seeks fees related to his pursuit of issues on which he prevailed in his Motion to Compel, as well as in bringing this motion.

In time entries where Plaintiff worked on the Motion to Compel (or underlying negotiations or discussions) but is unable to separate out time specific to the issues he has prevailed on, Plaintiff reduced counsel time by 25%. This discount reflects that Plaintiff prevailed on at least two of the categories of information sought; and the majority of Plaintiff's briefing and negotiation work was dedicated to the pursuit of Penalty Data; while also recognizing that some aspects of the motion were denied. *See, e.g.,* H*eggen v. Maxim Healthcare Servs.,* No. 1:16-cv-00440-TLS-SLC, 2018 U.S. Dist. LEXIS 132171, at *4 (N.D. Ind. Aug. 7, 2018) (Reducing fees by 25% because the motion for sanctions "was unsuccessful as to its request for dismissal" but "the Court imposed monetary sanctions based on two of [the] four arguments."). For certain other entries related to work on letters and meet-and-confer calls that covered multiple issues in addition to those on which Plaintiff prevailed, Plaintiff reduced counsel time by 75%. Plaintiff also omitted other related time and expenses, including expert work, some document review, and some time spent on this motion.

*     *     *

## VI.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court award Plaintiff reasonable expenses in connection with Plaintiff's Motion to Compel, including related activities, and with bringing this instant motion, for the total amount of **$108,322.50** incurred as of February 23, 2023, as supported by Plaintiff's billing records.

DATED: February 27, 2023

Respectfully submitted,

By: /s/ *Melissa R. Clark*

Melissa R. Clark (admitted *pro hac vice*)
**FEGAN SCOTT LLC**
140 Broadway, 46th Fl.
New York, NY 10005
Telephone: (347) 353-1150
Facsimile: (312) 264-0100
melissa@feganscott.com

Elizabeth A. Fegan *(*admitted *pro hac vice)*
beth@feganscott.com
**FEGAN SCOTT LLC**
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100

Ling S. Wang (admitted *pro hac vice*)
**FEGAN SCOTT LLC**
100 S. Fifth Street, Suite 1900
Minneapolis, MN 55402
Telephone: (651) 432-4468
Facsimile: (312) 264-0100
ling@feganscott.com

Je Yon Jung (admitted *pro hac vice*)
**MAY JUNG, LLP**
1100 W. Town & Country Road
Suite 1250
Orange, CA 92868
Telephone: (818) 869-6476
Facsimile: (202) 618-8282
jeyon@mayjung.com

> LaRuby May (admitted *pro hac vice*)
> **May Jung, LLP**
> 3216 11th Place, SE
> Washington, DC 20032
> (202) 869-3735
> laruby@mayjung.com
>
> William N. Riley, Bar No.: 14941-49
> Russell B. Cate, Bar No.: 27596-29
> **RILEYCATE, LLC**
> 11 Municipal Drive, Ste. 320
> Fishers, IN 46038
> Telephone: (317) 588-2866
> Facsimile: (317) 458-1875
> wriley@rileycate.com
> rcate@rileycate.com
>
> *Attorneys for Plaintiff*
> *and the Proposed Class*