UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TROYCE MANASSA and J'TA FREEMAN, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>　　　　Defendant. | Case No.: 1:20-cv-03172-RLY-MJD |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff Troyce Manassa hereby moves the Court pursuant to Federal Rule of Civil Procedure 23 for an order certifying (1) an Injunctive Relief Class pursuant to Rule 23(b)(2) and (2) a Liability Class pursuant to Rule 23(b)(3) and/or Rule 23(c)(4) under 42 U.S.C. § 1981 and 42 U.S.C. § 1985(3).

Plaintiff respectfully requests certification of the proposed classes under the following class definitions:

(1) <u>Injunctive Relief Class Pursuant to Rule 23(b)(2)</u>:

　　All Black student-athletes participating in Division I HBCU athletic teams since December 10, 2020.

(2) <u>Liability Class Pursuant to Rule 23(b)(3) and/or Rule 23(c)(4)</u>:

　　All Black student-athletes who participated in Division I HBCU athletic teams that were subject to a postseason access ban penalty due to the NCAA's Academic Performance Program from the 2010-11 school year through the date of class certification.

With a principal mission to educate Black Americans,[1] Historically Black Colleges and Universities ("HBCUs") are focused on the education and support of a community that has been historically discriminated against, enrolling low-income, first-generation, and educationally disadvantaged Black students.[2] Despite the NCAA's promise to refrain from racial discrimination in education and athletics, the NCAA has a long history of discriminating against Black student-athletes and teams at HBCUs through so-called academic reforms.

Most recently, in 2004, the NCAA implemented the Academic Performance Program ("APP"), which penalizes a Division I ("DI") team if a prior year's team did not meet certain academic performance benchmarks. The formula on which the APP is based includes metrics that the NCAA knew would discriminate against Black student-athletes at HBCUs. These facts raise questions common to Plaintiff and the Classes (defined above), making this case ideal for class treatment.

Class certification is appropriate because Plaintiff satisfies the elements of Federal Rule of Civil Procedure ("Rule") 23(a). The proposed Classes include more than 1,600 Black student-athletes, satisfying numerosity. Whether the APP intentionally discriminates against Black student-athletes at HBCUs is the central common question that binds the Class. Plaintiff is typical of the Class members as he was on a DI HBCU basketball team subject to an NCAA penalty (i.e., postseason competition ban) due to the APP. And Plaintiff and his counsel are adequate and have no interests antagonistic to Class members.

Next, Plaintiff satisfies Rule 23(b)(3) with respect to the question of liability under 42 U.S.C. §§ 1981 and 1985(3), because his claims are brought under federal law and the evidence

---

[1] We use the term "Black" throughout our pleadings to represent African Americans, individuals of African descent, and/or Black people. Where case law has used the term "African American," we have used the court's language.
[2] 20 U.S.C. §§ 1060, 1061(2).

2

that will be used to prove the violations will be from Defendant's own records and expert testimony. Individual damage claims should be bifurcated for resolution after class-wide liability is established. Thus, common questions of law and fact predominate. Alternatively, the questions of liability can be certified under Rule 23(c)(4).

A class action is manageable and superior and the only realistic method for deciding these issues. The alternative is hundreds of individual actions using the same evidence to demonstrate that Defendant's uniform academic policy discriminated against Black student-athletes at HBCUs. Class members lack the resources to individually litigate against the NCAA.

Plaintiff also satisfies Rule 23(b)(2), because the APP affects the Class as a whole, so final injunctive relief in the form of a moratorium on the APP and a monitor to review any proposed academic reforms in NCAA athletics are appropriate. Plaintiff requests that the Court reconsider its decision to dismiss original plaintiff to this lawsuit, J'Ta Freeman, who was a then-current NCAA student-athlete at an HBCU who sought injunctive relief. The Court held that "future injury is not immediate, and the court can only speculate that Freeman and her team would be penalized by the NCAA."[3] Plaintiff respectfully requests that this Court reconsider its decision given the vast and "newly discovered evidence" presented in the Proffer of Facts in the accompanying brief. *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 735 F.2d 1367 (7th Cir. 1984), and *aff'd*, 736 F.2d 388 (7th Cir. 1984); *see also Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene*).

Based on the evidence that has been produced in discovery, the threat of APP penalties on Black student-athletes at HBCUs is "real and immediate" and not merely "conjectural or

---

[3] Order, p. 15.

hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (internal quotation marks omitted). Accordingly, the Rule 23(b)(2) class should be certified.

Plaintiff's motion is based on the accompanying Plaintiff's Memorandum in Support of Motion for Class Certification, all accompanying exhibits, the pleadings and papers on file in this action, and such other matters as the Court may consider in adjudicating the motion.

WHEREFORE, Plaintiff respectfully requests that this Court certify the proposed Classes, appoint Troyce Manassa as the class representative for the Liability Class, appoint J'Ta Freeman as the class representative for the Injunctive Relief Class (or alternatively provide Plaintiff a reasonable time period to substitute an appropriate class representative), appoint Fegan Scott LLC and May Jung, LLP as class counsel, order notice to be provided to the Classes, and grant such other and further relief as this Court deems appropriate.

Dated: March 24, 2023              Respectfully submitted,

By: */s/ Elizabeth A. Fegan*

Elizabeth A. Fegan (admitted *pro hac vice*)
**FEGAN SCOTT LLC**
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100
beth@feganscott.com

Melissa R. Clark (admitted *pro hac vice*)
**FEGAN SCOTT LLC**
140 Broadway, 46th Fl.
New York, NY 10005
Telephone: (347) 353-1150
Facsimile: (312) 264-0100
melissa@feganscott.com

Ling S. Wang (admitted *pro hac vice*)
**FEGAN SCOTT LLC**
100 S. Fifth Street, Suite 1900

Minneapolis, MN 55402
Telephone: (651) 432-4468
Facsimile: (312) 264-0100
ling@feganscott.com

Je Yon Jung (admitted *pro hac vice*)
LaRuby May (admitted *pro hac vice*)
**MAY JUNG, LLP**
1100 W. Town & Country Road
Suite 1250
Orange, CA 92868
Telephone: (818) 869-6476
Facsimile: (202) 618-8282
jeyon@mayjung.com
laruby@mayjung.com

William N. Riley, Bar No.: 14941-49
Russell B. Cate, Bar No.: 27596-29
**RILEYCATE, LLC**
11 Municipal Drive, Suite 200
Fishers, IN 46038
Telephone: (317) 588-2866
Facsimile: (317) 458-1875
wriley@rileycate.com
rcate@rileycate.com

*Attorneys for Plaintiff and the Proposed Class*