UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TROYCE MANASSA and J'TA FREEMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>Defendant. | Case No.: 1:20-cv-03172-RLY-MJD |

**PLAINTIFF'S MOTION TO AMEND COMPLAINT**
**PURSUANT TO LOCAL RULE 15-1 AND FED. R. CIV. P. 15(A)**

Pursuant to Local Rule 15-1 and Federal Rule of Civil Procedure 15(a), Plaintiff respectfully moves for permission to amend his complaint (ECF No. 1). Attached to this motion are:

**Exhibit A:** Plaintiff's signed proposed amended pleading;

**Exhibit B:** A redline reflecting changes made to Plaintiff's initial complaint, and

**Exhibit C:** Proposed order.

### A. Plaintiff's proposed amendments are minimal.

Plaintiff seeks leave to amend his complaint in four ways:

First, Plaintiff has deleted allegations relating to one former plaintiff (Austin Dasent), two former defendants (The Board of Governors of the National Collegiate Athletic Association and the Division I Board of Directors of the National Collegiate Athletic Association), and one claim and subclass, because the Court dismissed that claim and the noted parties on defendants' motion to dismiss.

Second, Plaintiff has added references to a document that supports the existence of contractual obligations already alleged in the initial complaint. Plaintiff alleged that the NCAA and student-athletes enter into binding agreements with one another. ECF No. 1, e.g., ¶¶ 102-07. Through those agreements, student-athletes become bound by NCAA bylaws and regulations, and the NCAA makes certain promises to student-athletes, which are set forth in those same bylaws and regulations. *Id*. Plaintiff's initial complaint alleges that those obligations are reflected in National Letters of Intent, which incorporate the broader NCAA bylaws and regulations governing all NCAA student-athletes (regardless of whether they signed an NLI or any other written agreement). *Id*. Discovery has revealed that those same obligations, stemming from the same NCAA bylaws and regulations, also are reflected in another document, a "Student Athlete Statement," that each class member was required to sign each academic year. Plaintiff's proposed amended complaint adds references to the Student Athlete Statement, e.g., Ex. A, ¶ 83, though no written document or agreement is required to prove Plaintiff's claims. This amendment does not change the nature or scope of Plaintiff's claims or Class.

Third, the proposed amended complaint modifies the original proposed liability class definition to be more accurate (but does not change the scope of the Class or its claims). *See e.g.,* Ex. A, ¶ 192 (clarifying that class members are those who faced a postseason access ban penalty "due to the NCAA's Academic Performance Program").

Finally, Plaintiff modifies the injunctive relief class definition, which includes "[a]ll Black student-athletes participating in Division I HBCU athletic teams since December 10, 2020." Ex. A, ¶ 193. The complaint has always sought injunctive relief for these students, *see* Ex. B at ¶¶ 185, 193 (former ¶ 214), 199, 201, § VIII, C., and the modified class definition makes that clearer.

Other than conforming these limited facts to the Court's motion to dismiss order and discovery, the proposed amendments do not change the nature or substance of Plaintiff's claims

2

or the proposed class.

### B. <u>Leave to amend should be freely given and is warranted here.</u>

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. (a)(2); *Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007) (courts should generally "use their discretion under Rule 15(a) to liberally grant permission to amend pleadings"). This amendment will ensure that there is no ambiguity as to the contracts, agreements, and promises underlying Plaintiff's 42 U.S.C. § 1981 claim.

It will also ensure that the class definitions are appropriately tailored:

> The class-certification procedure is flexible, "enhanc[ing] the usefulness of the class-action device." *Gen. Telephone*, 457 U.S. at 160. So modifications can be freely made if necessary "in the light of subsequent developments in the litigation." *Id.*; *see Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1023 (7th Cir. 2018). Indeed, because discovery frequently continues during and after certification, *see In re Allstate Corp. Securities Litig.*, 966 F.3d 595, 610, 610 n.3 (7th Cir. 2020), it's unsurprising that "judges and litigants regularly modify class definitions," which "courts have broad powers" to do, *In re Motorola Securities Litig.*, 644 F.3d 511, 518 (7th Cir. 2011); *see Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 826 (7th Cir. 2012) (explaining that district courts are "free to revisit" class definitions based on discovery and other developments).

*Burnett v. CNO Fin. Grp., Inc.*, No. 1:18-cv-00200, 2022 WL 896871, at *3 (S.D. Ind. March 25, 2022). *See also Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007) (district courts "must be vigilant to ensure that a certified class is properly constituted" and "make appropriate adjustments to the class definition as the litigation progress[es]"); *Simpson v. Dart*, No. 18-cv-0553, 2021 WL 2254969, at *1 (N.D. Ill. June 3, 2021) ("It is not uncommon for plaintiffs and courts to shift or change class definitions during a lawsuit, especially one as complex as this disparate impact case.") (citation omitted).

The amendment will also clarify the scope of the claims and allegations at issue following the Court's motion to dismiss decision.

3

There is no reason to deny Plaintiff's motion. *C.f., Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (requests might be denied "where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the [non-moving party], or where the amendment would be futile."); *Chapman v. Wagener Equities, Inc.*, No. 09 C 07299, 2012 WL 6214597, at *6 (N.D. Ill. Dec. 13, 2012) ("It is difficult to see how a more specific and tailored class definition will prejudice the defendants, particularly where the Court may have been compelled, at a potentially later date, to make modifications to the class definition anyway.").

Plaintiff has not filed any amended pleadings thus far. Plaintiff's proposed amended complaint would not require the extension of any deadlines. This amendment does not prejudice the NCAA.[1]

Accordingly, Plaintiff respectfully requests permission to amend his complaint.

Dated: March 24, 2023                                Respectfully submitted,


By: */s/ Elizabeth A. Fegan*
Elizabeth A. Fegan *(*admitted *pro hac vice)*
beth@feganscott.com
**FEGAN SCOTT LLC**
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100

Melissa R. Clark (admitted *pro hac vice*)
**FEGAN SCOTT LLC**
140 Broadway, 46th Fl.
New York, NY 10005
Telephone: (347) 353-1150
Facsimile: (312) 264-0100

---

[1] The NCAA declined to consent to Plaintiff's request to file an amended complaint, citing the prior deadline for motions to amend the pleadings, which was November 18, 2021. ECF No. 49 (10/4/2021 CMO). Of course, discovery was in its earliest stages then. The NCAA served its first discovery requests on October 10, 2021, and provided its responses and objections to Plaintiffs' first requests for production on December 24, 2021. Discovery is still ongoing now, and has informed the proposed amendments.

4

melissa@feganscott.com

Je Yon Jung (admitted *pro hac vice*)
LaRuby May (admitted *pro hac vice*)
**MAY JUNG, LLP**
1100 W. Town & Country Road
Suite 1250
Orange, CA 92868
Telephone: (818) 869-6476
Facsimile: (202) 618-8282
jeyon@mayjung.com
laruby@mayjung.com

Ling S. Wang (admitted *pro hac vice*)
**FEGAN SCOTT LLC**
100 S. Fifth Street, Suite 1900
Minneapolis, MN 55402
Telephone: (651) 432-4468
Facsimile: (312) 264-0100
ling@feganscott.com

William N. Riley, Bar No.: 14941-49
Russell B. Cate, Bar No.: 27596-29
**RILEYCATE, LLC**
11 Municipal Drive, Ste. 320
Fishers, IN 46038
Telephone: (317) 588-2866
Facsimile: (317) 458-1875
wriley@rileycate.com
rcate@rileycate.com

*Attorneys for Plaintiff
and the Proposed Class*