UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TROYCE MANASSA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>Defendant. | Case No. 1:20-cv-03172-RLY-MJD |

**DEFENDANT NCAA'S MOTION TO EXCLUDE EXHIBITS TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

Defendant the National Collegiate Athletic Association ("NCAA"), respectfully submits this Motion to Exclude Exhibits to Plaintiff's Memorandum in support of his Motion for Class Certification.

## I.     Introduction

On March 24, 2023, Plaintiff filed his Motion for Class Certification. With his motion, Plaintiff also filed a memorandum with 74 exhibits he believes the Court should consider in connection with his class-certification arguments. However, despite having over two and a half years to pursue depositions and discovery Plaintiff made no attempt to ensure that the documents he asks this Court to consider meet the threshold requirements for admissibility under the Federal Rules of Evidence. Plaintiff's dilatory discovery conduct is fatal to the class-certification motion, because the lion's share of his evidentiary support lacks the appropriate foundation, and Plaintiff has made no argument to support the admissibility of the Exhibits. Moreover, many of Plaintiff's Exhibits are documents that are either irrelevant, contain hearsay, lack appropriate authentication,

1

and/or deny the NCAA the opportunity to cross examine the authors. For these reasons, the Court must exclude these Exhibits from class certification consideration.

## II. Legal Argument

A party seeking class certification must demonstrate that the requirements for certification are met by a preponderance of the evidence. *Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360, 373 (7th Cir. 2015) (citing *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). Class certification requires "rigorous analysis" of the evidence presented. *Murphy v. Pro. Transportation, Inc.*, No. 14-CV-378-SMY-DGW, 2017 WL 5665901, at *4 (S.D. Ill. Nov. 27, 2017). A district court may resolve material factual and legal disputes before deciding whether to certify a class. *In re Allstate Corp. Sec. Litig.*, 966 F.3d 595, 603 (7th Cir. 2020) (citing *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001)). To address these disputes, a court should apply the Federal Rules of Evidence and exclude from consideration evidence that is inadmissible. *See In re Yasmin & Yaz (Drospirenone) Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. 3:09-CV-20001-DRH, 2012 WL 865041, at *6–7 (S.D. Ill. Mar. 13, 2012) ("the Federal Rules of Evidence apply at the class certification stage").[1]

---

[1] "In carrying the burden of proving facts necessary for certifying a class under Rule 23(b)(3), plaintiffs may use any *admissible* evidence." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 665 (9th Cir. 2022) (en banc). Rule 23 is not "a mere pleading standard." *See Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). Competent and admissible evidence is required at every stage of civil cases and proceedings. *See* Fed. R. Evid. 1101 (the Federal Rules of Evidence "apply to proceedings before United States district courts; United States bankruptcy and magistrate judges…"); *see also Quality Mgmt. & Consulting Servs., Inc. v. SAR Orland Food Inc.,* No. 11-C-06791, 2013 WL 5835915, at *3 (N.D. Ill. Oct. 30, 2013) ("Rule 1101 . . . does not except or change the application of the Rules of Evidence at the class-certification stage." (citing Fed. R. Evid. 101, 1101)).

Here, the Exhibits that Plaintiff relies on in support of the class-certification motion must be excluded because they lack the necessary foundation for admissibility, are irrelevant, and/or constitute hearsay.

**A.     The Court should exclude Plaintiff's Exhibits for lack of foundation.**

Plaintiff failed to lay the proper foundation or predicate to support the use of the Exhibits in support of his Motion for Class Certification. As the proponent of the evidence, Plaintiff bears the burden of establishing that the Exhibits are admissible. *See Lockwood v. McMillan*, 237 F. Supp. 3d 840, 847 (S.D. Ind. 2017) (citing *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009)) (noting plaintiff's burden to establish requirements of admissibility). Plaintiff did not even attempt to meet this burden, offering the Court no argument or explanation as to the admissibility of the Exhibits. For example, Plaintiff relies on numerous internal NCAA communications and documents, including emails between NCAA employees and drafts of NCAA documents without having attempted to depose an NCAA custodian or otherwise establish the fundamental indicia of reliability via an exception to the hearsay rule, or an exclusion from the hearsay rule as required by the Federal Rules of Evidence.[2] Though Plaintiff failed to identify the foundation for any of his Exhibits, the NCAA highlights as examples of Exhibits that lack foundation, Plaintiff's Exhibits 44, 47, 50, and 55 (NCAA internal emails and communications); and Exhibits 20, 22, 32–35, 40, 42, 43, 46, 48, 51, 52, 58, and 59 (NCAA internal documents, including drafts, reports, and presentations). Because Plaintiff failed to offer any argument as to the admissibility of these Exhibits, this Court should exclude them from consideration.

**B.     The Court should exclude Plaintiff's Exhibits that are irrelevant and more prejudicial than probative.**

---

[2] The NCAA, on the other hand, deposed Plaintiff in this lawsuit.

In addition to failing to provide the requisite foundation for the Exhibits, Plaintiff asks the Court to consider irrelevant documents. Relevant evidence has any tendency to make a fact that is of consequence in determining the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence must be relevant to be admitted. Fed. R. Evid. 402. Additionally, a court may even exclude marginally relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Plaintiff presents the following Exhibits to the Court in violation of Rules 402 and 403:

| Exhibit | Bates Number | Description |
|---|---|---|
| Ex. 12 | MAN0000595934 | December 2013 PowerPoint presentation by John J. McArdle |
| Ex. 13 | MAN0000468866 | Research Overview: Identifying Student-Athlete Academic Risk |
| Ex. 14 | MAN0000399867 | July 27, 1998 NCAA Memo from NCAA Division I Academics/Eligibility/Compliance Cabinet Subcommittee |
| Ex. 15 | MAN0000327073 | December 2001 PowerPoint, *Prior Research Related to NCAA Eligibility Rules* |
| Ex. 18 | MAN0000060110 | Todd A. Petr and John J. McArdle, *Academic Research and Reform: A History of the Empirical Basis for NCAA Academic Policy.* J. OF INTERCOLLEGIATE SPORT, 2012, No. 5, 27-40 |
| Ex. 28 | PETR-MANASSA_0000000082 | December 14, 1993 NCAA Memorandum from Joseph N. Crowley |
| Ex. 29 | MAN0000305953 | Draft Report 96-05: An Overview of the Basic Academic Skills Survey (BASS) of the NCAA |
| Ex. 31 | MAN0000399886 | March 6, 2000 NCAA Memorandum from Cedric W. Dempsey |

These Exhibits concern subject matter not at issue in this litigation. For example, Exhibit 18 presents a periodical that addresses Proposition 48, which concerns high school grades and

standardized test score requirements for student-athletes. Proposition 48 is not relevant to the claims or defenses in this matter, which pertain to an entirely different NCAA program, the Academic Performance Program ("APP"). Similarly, Exhibit 29 is a document related to a basic academic skills survey, which has no bearing on this case. Considering Plaintiff's Exhibits at class certification runs the risk of confusing the issues, especially when the Exhibits do not relate to Plaintiff's claims about the NCAA's APP. The NCAA membership adopted the APP in 2003. (4/7/23 Declaration of Binh Nguyen, ¶ 5, Dkt. No. 194-2) Plaintiff's Exhibits, discussing other unrelated programs, lack any temporal connection to matters concerning the proposed class members consisting of student-athletes who participated on Division I HBCU sports teams during 2010–2020. Consideration of Plaintiff's Exhibits would also risk undue delay and waste time as the Court considers information that is of no consequence to the matter. *See Wyninger v. New Venture Gear, Inc.*, 361 F.3d 965, 975 (7th Cir. 2004) (affirming exclusion of evidence likely to confuse the issues and waste time where district court found "that the evidence involved different circumstances and would not be probative on the issues in [the] case"). These dangers far outweigh the probative value of the Exhibits. Thus the Exhibits should be excluded.

**C.     Plaintiff's Exhibits contain inadmissible hearsay and should be excluded.**

Last, Plaintiff seeks to support his class-certification motion with inadmissible hearsay. Pursuant to the Rules of Evidence, hearsay—a statement made outside of court and offered for the truth of the matter asserted—is not admissible evidence. Fed. R. Evid. 801, 802; *Wynn v. City of Indianapolis*, No. 1:20-CV-1638-JMS-MJD, 2022 WL 1120490, at *15 (S.D. Ind. Apr. 14, 2022). Hearsay is presumed to be unreliable because the party against whom the evidence is presented has no opportunity to cross-examine the declarant to assess the truthfulness of the statement. *See United States v. Shukri*, 207 F.3d 412, 417 (7th Cir. 2000). To be admissible, evidence must also

be authenticated. *See* Fed. R. Evid. 901; *Craftline Graphics, Inc. v. Total Press Sales & Serv., LLC*, No. 1:17-CV-462-HAB, 2019 WL 2151424, at *9 (N.D. Ind. May 16, 2019). Without the proper foundation, Plaintiff cannot overcome the inadmissibility of his unauthenticated and unreliable Exhibits. *See Paulos-Johnson v. Advoc. Trinity Hosp.*, No. 01-C-3639, 2002 WL 230908, at *1 (N.D. Ill. Feb. 15, 2002) (concluding that unauthenticated documents and hearsay documents were inadmissible).

Plaintiff's Exhibits that contain hearsay, provided below, must be excluded from evidence.

| Exhibit | Bates Number | Description |
|---|---|---|
| Ex. 2 | PLFS-TM-002719 | Exec. Order No. 14041, White House Initiative on Advancing Educational Equity, Excellence, and Economic Opportunity Through Historically Black Colleges and Universities (Sept. 3, 2021) |
| Ex. 5 | PLFS-TM-002072 | U.S. Dep't of Educ., National Center for Education Statistics, Fast Facts: Historically Black Colleges and Universities |
| Ex. 6 | PLFS-TM-002711 | Exec. Order No. 13532, Promoting Excellence, Innovation, and Sustainability at Historically Black Colleges and Universities (Feb. 26, 2010) |
| Ex. 7 | MAN0000069172 | History of the NCAA – "The NCAA's First Century in the Arena" |
| Ex. 8 | MAN0000068906 | Joseph N. Crowley, In the Arena: The NCAA's First Century, NCAA (2006) |
| Ex. 9 | PLFS-TM-002676 | Cooper, The State of Intercollegiate Athletics at Historically Black Colleges and Universities (HBCUs): Past, Present & Persistence, J. ISSUES IN INTERCOLLEGIATE ATHLETICS, 2014, No. 7 |
| Ex. 10 | PLFS-TM-002104 | Steven J. Gaither, Despite Great Strides, HBCUs and NCAA-Recognized Athletic Conferences Face Challenges, DIVERSE ISSUES IN HIGHER EDUCATION (Jan. 22, 2013) |
| Ex. 11 | MAN0000382530 | Ryan J.R. Westman, Investigating Equity: An Evaluation of the Relationship of the NCAA's APR Metric on Similarly Resourced Historically Black and Predominately White NCAA Division-I Colleges and Universities, (August 23, 2018) Seton Hall University Dissertations and Theses |

| Ex. 12 | MAN0000595934 | December 2013 PowerPoint presentation by John J. McArdle |
|---|---|---|
| Ex. 13 | MAN0000468866 | Research Overview: Identifying Student-Athlete Academic Risk |
| Ex. 14 | MAN0000399867 | July 27, 1998 NCAA Memo from NCAA Division I Academics/Eligibility/Compliance Cabinet Subcommittee |
| Ex. 15 | MAN0000327073 | December 2001 PowerPoint, *Prior Research Related to NCAA Eligibility Rules* |
| Ex. 16 | MAN0000097172 | January 13, 1983 Article in the Cincinnati Enquirer, Lonnie Wheeler, "Educators' Reactions Mixed, At Best, to NCAA Action" |
| Ex. 17 | PLFS-TM-002110 | Michael J. Mondello, An Historical Overview of Student-Athlete Academic Eligibility and the Future Implications of Cureton v. NCAA, 7 JEFFREY S. MOORAD SPORTS L.J. (2000) |
| Ex. 18 | MAN0000060110 | Todd A. Petr and John J. McArdle, *Academic Research and Reform: A History of the Empirical Basis for NCAA Academic Policy.* J. OF INTERCOLLEGIATE SPORT, 2012, No. 5, 27-40 |
| Ex. 19 | PLFS-TM-002135 | Associated Press, Blacks Hit Hard by Proposition 48, Survey Shows, The New York Times, Sept. 9, 1988. |
| Ex. 21 | MAN0000493568 | John L. Horn Obituary |
| Ex. 23 | MAN0000928198 (extracted text from Ex. 59) | Draft #6: NCAA Division I Board of Directors Strategic Areas of Emphasis 2018-2023 (revised February 8, 2018) (extracted text version) |
| Ex. 25 | PLFS-TM-002167 | U.S. Dep't of Educ., Nat'l Center for Edu. Statistics, *Who can Play? An Examination of NCAA's Proposition 16*, Aug. 1995 |
| Ex. 26 | MAN0002142513 | May 21, 2021 National Collegiate Athletic Association Unity Council Meeting Agenda, Knight Commission report |
| Ex. 27 | PLFS-TM-002715 | Douglas Lederman, *NCAA Study Compares Records of Black, White Athletes,* CHRON. OF HIGHER EDUC., July 10, 1991, at A30 |
| Ex. 28 | PETR-MANASSA_0000000082 | December 14, 1993 NCAA Memorandum from Joseph N. Crowley |

| Ex. 29 | MAN0000305953 | Draft Report 96-05: An Overview of the Basic Academic Skills Survey (BASS) of the NCAA |
| --- | --- | --- |
| Ex. 31 | MAN0000399886 | March 6, 2000 NCAA Memorandum from Cedric W. Dempsey |
| Ex. 41 | PLFS-TM-002738 | NCAA, Division I Freshman-Cohort Graduation Rates 1998-1999 |
| Ex. 49 | PLFS-TM-002181 | Allie Grasgreen, *Uphill Battle for HBCU Athletes*, INSIDE HIGHER ED., June 17, 2013 |
| Ex. 53 | PLFS-TM-002185 | Isabelle Khurshudyan, *Does NCAA unfairly punish sports programs at historically black schools?* WASH. POST, July 7, 2015 |
| Ex. 54 | MAN0001938987 | National Association for Coaching Equity and Development correspondence |
| Ex. 57 | PLFS-TM-002190 | Melvin Norman Johnson, *Financial and Related Issues Among Historically Black Colleges and Universities.* J. OF INTERCOLLEGIATE SPORT, 2013, No. 6, 65-75 |
| Ex. 66 | PLFS-TM-002724 | About the National Letter of Intent, NLI.org |

Each exhibit falls into a category of inadmissible hearsay:

- Exhibits 2 and 6 are executive orders, which constitute inadmissible hearsay where Plaintiff offers them for the truth of the matter asserted. *See Ajami v. Solano*, No. 3:19-CV-00161, 2020 WL 996813, at *20 n.31 (M.D. Tenn. Feb. 28, 2020) (admitting executive orders as evidence "only for the fact that they were issued, and not for the truth of any facts asserted in them"), *aff'd sub nom. Salame v. Tescari*, 29 F.4th 763 (6th Cir. 2022).

- Exhibits 5 and 66 appear to be print-outs of non-governmental webpages, and as such are inadmissible hearsay. *Nealy v. Nelsen*, No. 11-C-0541, 2013 WL 3924358, at *15 (E.D. Wis. July 29, 2013) ("Like a newspaper article, contents of a website are out-of-court statements that are considered hearsay if offered to prove the truth of their contents.");

8

*Ocwen Loan Servicing LLC v. Kroening*, No. 10-C-4692, 2011 WL 5130357, at *2 (N.D. Ill. Oct. 28, 2011) (screenshot from third-party website was hearsay).

- Exhibits 8–11, 16–19, 21, 25, 27, 49, 53, and 57 are news and journal articles containing hearsay statements. *See Wynn*, No. 1:20-CV-1638-JMS-MJD, 2022 WL 1120490, at *16 (S.D. Ind. Apr. 14, 2022) ("News articles are hearsay when offered to prove the truth of their contents." (citing *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997))); *Mathis v. Carter*, No. 13-C-8024, 2017 WL 56631, at *4 (N.D. Ill. Jan. 5, 2017) (concluding that journal article was inadmissible hearsay).

- Exhibits 7, 12–15, 23, 28, 29, 31, and 41 are present presentations, memorandums, draft reports. Plainly, the statements in these documents are hearsay because the statements were made outside of court, and Plaintiff offers them for their truth. *See* Fed. R. Evid. 801(c). Additionally, the probative value of these documents is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury as these documents generally concern matters unrelated to the Academic Performance Program and/or predate the claims at issue in this lawsuit by decades which proposes a class spanning 2010-2020. *See, e.g.,* Ex. 14 (1998 document), Ex. 15 (2001 document) Ex. 28 (1993 document) Ex. 29 (1996 document), Ex. 31 (2000 document), and Ex. 41 (document concerning matters in 1998-1999).

- Exhibits 26 and 54 are documents authored by third parties, offered for the truth of the matter asserted. The statements in these documents are, thus, hearsay under Fed. R. Evid. 801(c).

The Exhibits present out-of-court statements that Plaintiff asks the court to consider for the truth of the matters asserted therein. This is the definition of hearsay, *see* Fed. R. Civ. P. 801, and

Plaintiff may not rely on these Exhibits to support the factual assertions in his Motion for Class Certification. Moreover, to the extent an author is presented in the Exhibits, the NCAA has not had the opportunity to cross-examine that declarant regarding the truthfulness of the statements in the document. *See United States v. Shukri*, 207 F.3d 412, 417 (7th Cir. 2000) (noting that lack of opportunity to cross-examine declarant makes hearsay unreliable). Accordingly, the Exhibits contain inadmissible hearsay and must be excluded.

While the Court can exclude the Exhibits on the basis of hearsay, alone, Exhibits 41 and 66, must be excluded because they are also unauthenticated. *See Craftline Graphics*, 2019 WL 2151424, at *9 (admissible evidence must be authenticated). Plaintiff has not presented evidence to support a finding that the Exhibits are what Plaintiff says they are. Federal Rule of Evidence 901(b) provides a non-exhaustive list of methods for authentication, yet Plaintiff has presented none. *See King v. Indiana Harbor Belt R.R.*, No. 2:15-CV-245 JD, 2018 WL 5982134, at *2 (N.D. Ind. Nov. 13, 2018) (granting motion to strike where plaintiff failed to authenticate documents). Thus, the Exhibits must be excluded from evidence.

### III.   Conclusion

In light of the foregoing, the Exhibits attached to Plaintiff's Memorandum in support of his Motion for Class Certification lack the requisite foundation for admissibility and should be excluded, specifically including, but not limited to Exhibits 20, 22, 32–35, 40, 42–44, 46–48, 50–52, 55, 58, and 59. Additionally, the Court should exclude from consideration Plaintiff's Exhibits 12–15, 18, 28, 29, and 31 pursuant to Rules 402 and 403; and Plaintiff's Exhibits 2, 3, 5–19, 21, 23, 25–29, 31, 41, 49, 53, 54, 57, 66, and 68 due to his inability to overcome evidentiary requirements pertaining to hearsay and authentication. The NCAA respectfully requests that these exhibits be stricken from the record.

DATED: April 7, 2023                                            Respectfully submitted,

/s/ Brian E. Casey
Brian E. Casey
brian.casey@btlaw.com
Victor D. Vital (Admitted *Pro Hac Vice*)
victor.vital@btlaw.com
V. Chisara Ezie-Boncoeur
cezie@btlaw.com
Alicia Raines Barrs
Alicia.Rainesbarrs@btlaw.com
Ilana Zelener
Ilana.Zelener@btlaw.com
(Admitted *Pro Hac Vice*)
BARNES & THORNBURG LLP
201 S. Main Street
South Bend, IN  46204
Telephone: 574-233-1171
Facsimile: 574-237-1125

*Attorneys for Defendant the NCAA*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been filed using this Court's ECF system on all counsel of record on April 7, 2023.

                                              */s/ Brian E. Casey*
                                              Brian E. Casey