UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TROYCE MANASSA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>Defendant. | Case No. 1:20-cv-03172-RLY-MJD |

## JOINT REPORT ON THE STATUS OF DISCOVERY

Pursuant to the Court's October 4, 2021 Scheduling Order (Dkt. No. 47), and April 11, 2023 Minute Entry (Dkt. No. 199), the parties jointly submit the following Joint Report on the Status of Discovery in advance of the May 4, 2023 status conference.

**1. A detailed description of all discovery completed within the preceding 28 days.**

**Plaintiff:**

Plaintiff is reviewing Defendant's and third-party document productions made to date, including the NCAA's recent privilege log and clawback letter. Plaintiff is continuing to work with third parties for production of documents in response to subpoenas, including the eight additional third-party subpoenas for documents that Plaintiff served in April.

On April 7, 2023, Plaintiff served two liability-related expert reports from Drs. Anthony Platt and Dr. Bernard Siskin. On April 19, 2023, Plaintiff also served Dr. Siskin's revised liability report reflecting minor changes and certain data. On April 13, 2023, Plaintiff served his Fourth Set of Interrogatories and Fifth Request for Production of Documents. On April 19, 2023, Plaintiff served his First and Second Set of Requests for Admissions, and his Sixth Request for Production

of Documents. On April 27, 2023, Plaintiff served his notice for the NCAA's 30(b)(6) deposition. On May 1, 2023, Plaintiff also sent out deposition notices for Savanah State University, Howard University, Southern University, John Rudley, and various NCAA current and former employees, the depositions of which the parties have been discussing over email. The parties are continuing to meet and confer regarding various discovery issues, none of which are currently ripe for the Court's review.

**The NCAA:**

Since April 3, 2023, the NCAA made an additional production which generally consisted of documents determined to be responsive after conducting a detailed privilege review. Additionally, the NCAA served its privilege log and a claw back letter. The NCAA has made over 42 productions thus far, producing over 2.39 million pages of documents. The NCAA believes it completed producing class based discovery. The NCAA expects to make minimal and discrete additional productions, if any, generally containing documents responsive to Plaintiff's multiple new sets of served discovery discussed below. The NCAA's counsel, Chisara Ezie-Boncoeur, Brian Casey, and Ilana Zelener are responsible for the above-listed items.

2. **A detailed description of all discovery presently scheduled or pending, including the due dates for any pending discovery requests and the scheduled dates for any depositions, and the identity of the counsel responsible for completing such discovery.**

**Plaintiff:**

Plaintiff is reviewing Defendant's and third-party document productions made to date. Plaintiff is continuing to work with third parties for production of documents in response to subpoenas. Defendant's responses to Plaintiff's Fourth Set of Interrogatories and Fifth Request for Production of Documents are due May 15, 2023. Defendant's responses to Plaintiff's First and Second Set of Requests for Admissions, and his Sixth Request for Production of Documents are

due May 19, 2023.

On April 18, 2023, Plaintiff's counsel informed the NCAA that we anticipate taking depositions of key former NCAA employees Todd Petr, Mark Emmert, Jennifer Strawley, and Reshauna Cobb and asked if the NCAA would be representing them and/or accept subpoenas on their behalf. On April 25, 2023, the NCAA stated that it was their understanding that it can accept service on behalf of these individuals and requested to discuss the "apex nature of Mr. Emmert's deposition" on April 27, 2023 or the following week. The parties met and conferred on April 27, 2023. On the same day, Plaintiff also served his 30(b)(6) deposition notice and sent an email listing all deponents from the April 18, 2023 email, along with two additional deponents (current employees Tom Paskus and Binh Nguyen) and three third parties (John Rudley, Southern University, Savannah State University). Plaintiff also noted that there may potentially be other third-party deponents. In response, the NCAA stated that it could not accept service "yet" for Ms. Strawley or Cobb. On April 28, 2023, Plaintiff asked the NCAA for Cobb's and Strawley's last known addresses. The NCAA has refused, pointing only the websites of their current employers.

On May 1, 2023, Plaintiff formally noticed the depositions with the following dates (which the parties are still discussing):

| Date | Deponent |
|---|---|
| 5/11/2023 | John Rudley |
| 5/16/2023 | Tom Paskus |
| 5/17/2023 | Todd Petr |
| 5/18/2023 | Binh Nguyen |
| 5/19/2023 | Reshauna Cobb |
| 5/22/2023 | NCAA 30(b)(6) |
| 5/23/2023 | Mark Emmert |
| 5/25/2023 | Jennifer Strawley |

      5/24/2023       Savannah State University

      5/25/2023       Southern University

      5/26/2023       Howard University

In mid-April, Plaintiffs also served additional subpoenas for documents to the HBCU Conference-Central Intercollegiate Athletic Association ("CIAA"), HBCU Conference-Mid-Eastern Athletic Conference ("MEAC"), the HBCU Conference-Southern Intercollegiate Athletic Conference ("SIAC"), National Association of Basketball Coaches; (5) National Federation of State High School Associations, and the Southwestern Athletic Conference (SWAC) with due dates for May 3, 2023. Plaintiff also served additional subpoenas for documents to Yale University and Stanford University with a due date of May 12, 2023 and depositions of its document custodians on May 19, 2023.

Attorneys Beth Fegan, Melissa Ryan Clark, Ling Wang, Je Yon Jung, and LaRuby May are responsible for completing such discovery.

**The NCAA:**

On April 13, 2023, Plaintiff served Plaintiff's Fourth Set of Interrogatories to the NCAA (a total of 25 interrogatories to date) and Plaintiff's Fifth Set of Requests for Production to the NCAA. Responses to these sets of discovery are due May 15, 2023. The NCAA anticipates that the scope of many of these documents will be at issue given their focus on items related to Beyondism which the NCAA is not affiliated with, and discovery about items dating as far back as 1994.

On April 19, 2023, Plaintiff served: (a) Plaintiff's Sixth Set of Requests for Production of Documents to the NCAA (a total of 95 requests for production to date); (b) Plaintiff's First Set of Requests for Admissions to the NCAA; and (c) Plaintiff's Second Set of Requests of Admission to the NCAA (200+ requests related to authenticity). Responses to these extensive sets of discovery are due May 19, 2023.

On April 27, 2023, Plaintiff served a Rule 30(b)(6) deposition notice on the NCAA and stated that Plaintiff intends to depose NCAA representatives on May 22, 2023 (a date unilaterally noticed), and includes a list of seventy-five (75) topics which will require numerous representatives and time to adequately prepare the NCAA's corporate representatives. The NCAA is analyzing the notice and will meet and confer with Plaintiff concerning the scope and list of topics.

Also on April 27, 2023, Plaintiff's counsel e-mailed the NCAA's counsel a request to depose a list of nine deponents some of whom are NCAA employees, as well as third-parties, as well as a placeholder for "others," that Plaintiff proposes to depose essentially daily beginning approximately May 16, 2023. On May 1, 2023, Plaintiff served deposition subpoenas for seven (7) individuals. The NCAA's counsel intends to discuss the feasibility of these dates with its client, the identified deponents, and Plaintiff's counsel given the extremely abbreviated request for these depositions less than one month before Plaintiff intends to notice them. These are discussed further below. Among the potential depositions identified is the deposition of representatives from Savannah State University, which the NCAA also intends to subpoena for deposition, and Southern University.

Additionally, the NCAA's counsel does not presently have authority to accept service of the deposition subpoenas for Ms. Strawley, who is the Senior Deputy Director of Athletics at University of Miami, or Ms. Cobb who is the Senior Associate Athletics Director - Internal Operations & Senior Woman Administrator at Boston College. Because of this, on April 27th, the NCAA's counsel recommended that Plaintiff's counsel direct the subpoenas for these respective deponents to the institutional general counsel's offices at Boston College and University of Miami. On May 1st, the NCAA's counsel provided Plaintiff's counsel the current email addresses and

phone numbers for each of these respective witnesses. Plaintiff has declined to contact these witnesses using the information provided.

The NCAA's counsel, Chisara Ezie-Boncoeur, Brian Casey, and Ilana Zelener are responsible for the above-listed items.

**3. A detailed description of any discovery disputes presently pending, including the status of the resolution of the dispute and the identity of the counsel responsible for resolving the dispute.**

**Plaintiff:**

On April 18, 2023, Plaintiff notified the NCAA of four former employees he intended to depose. On April 27, 2023, Plaintiff provided notice for depositions of two current employees and three third-parties, one of which the NCAA has also stated an intention to depose. Plaintiff believes that he has sent reasonable notice and he is entitled to conduct these depositions before the close of liability discovery. The NCAA has had notice for many months that Plaintiff intends to notice depositions of its former and current employees, as set forth in the monthly joint supplemental discovery reports. Plaintiff further notes that the NCAA has not articulated what specific logistical challenges (other than the number of depositions, which Plaintiff believes is reasonable) it has that would prevent these depositions from taking place in a timely and efficient manner. That said, Plaintiff is willing to work with the NCAA to find mutually agreeable dates for the depositions.

Plaintiff served two expert reports April 7, 2023, which included a list of all the data relied upon—from the NCAA or publicly available sources. Regarding Dr. Siskin's liability report, the methodology and data tables are in the report itself. Plaintiff provided the data files referenced in the report, along with a revised report reflecting typo changes and a small number change on April 19, 2023. While Plaintiff does not believe the minor delay in providing the data scripts substantially impacts the NCAA's liability expert to conduct his analysis of Siskin's report,

Plaintiff does not oppose an 11-day extension of time for the NCAA to produce its liability expert report regarding issues addressed in Dr. Siskin's liability report.

Attorneys Beth Fegan, Melissa Ryan Clark, Ling Wang, Je Yon Jung, and LaRuby May are responsible for completing such discovery.

**The NCAA:**

While Plaintiff claims to have known that he would take depositions for months, Plaintiff waited until April 27th to identify what specific witnesses Plaintiff actually intended to depose among the NCAA's current and former staff. Additionally, the NCAA is analyzing the numerous depositions Plaintiff requested on April 27, 2023 in addition to the 30(b)6 deposition and intends to meet and confer with Plaintiff concerning the scope and duplicative nature of these requests and topics. To the extent some of the NCAA's individual staff members will be the proper representative for certain topics in the 30(b)(6) deposition notice, additional coordination will be required so these witnesses are only deposed on one day.

Additionally, on April 7, 2023, Plaintiff produced his liability expert report but did not provide the electronic back up of the reliance material used. Although, the NCAA requested the electronic backup that supports the analysis in Plaintiff's liability expert's report on April 10, 2023 and April 14, 2023, Plaintiff only provided the electronic backup of their liability expert's reliance materials on April 19, 2023. This has impacted the ability of the NCAA's liability expert to conduct his analysis of Dr. Siskin's report and his ability to produce his expert report by the currently-scheduled May 4, 2023 deadline. In this context, the NCAA has asked that Plaintiff agree to an 11-day extension of time in which to produce its liability expert report. On May 1, 2023, by way of this joint status report, Plaintiff consented to the extension. .

The NCAA's counsel, Chisara Ezie-Boncoeur, Brian Casey, and Ilana Zelener are

responsible for the above-listed items.

4. **A detailed description of all discovery that is planned to be completed within the 28-day period following the report, including the identity of the counsel responsible for completing such discovery.**

**Plaintiff:**

Plaintiff is reviewing productions produced by Defendant and third parties to date. Plaintiff anticipates receiving additional documents from third-parties and will produce them to the NCAA accordingly.

Plaintiff also intends to complete the depositions and other discovery identified in his answer to question number 2.

Attorneys Beth Fegan, Melissa Ryan Clark, Ling Wang, Je Yon Jung, and LaRuby May are responsible for completing such discovery.

**The NCAA:**

On April 12, 2023, Plaintiff served subpoenas duces tecum on (1) the HBCU Conference-Central Intercollegiate Athletic Association ("CIAA"); (2) the HBCU Conference-Mid-Eastern Athletic Conference ("MEAC"); (3) the HBCU Conference-Southern Intercollegiate Athletic Conference ("SIAC"); (4) National Association of Basketball Coaches; (5) National Federation of State High School Associations; and (6) Southwestern Athletic Conference (SWAC) for May 3, 2023.

On April 21, 2023, Plaintiff served notices of deposition subpoenas to Stanford University and Yale University, both set for May 19, 2023.

On April 27, 2023, Plaintiff notified the NCAA that he intends to depose numerous current and former NCAA employees in addition to several third parties: (1) John Rudley (May 11, 2023); (2) Tom Paskus (May 16, 2023); (3) Todd Petr (May 17, 2023); (4) Binh Nguyen (May 18, 2023);

(5) ReShauna Cobb (May 19, 2023); (6) NCAA 30b6 (May 22, 2023); (7) Mark Emmert (May 23, 2023) (the Apex nature of which the parties are still meeting and conferring); and (8) Jennifer Strawley (May 25, 2023). On May 1, 2023, Plaintiff served deposition subpoenas for these individuals. This is in addition to the depositions Plaintiff intends to notice of Southern University, Savannah State University (which the NCAA may cross-notice), among others, in the month of May. These depositions, which were only requested on April 27, 2023, pose several logistical challenges, including but not limited to the sheer number of depositions Plaintiff intends to conduct so late in the discovery phase. At minimum, Plaintiff seeks to take 12 depositions all with less than a month's notice without conferring with the NCAA or counsel as to their availability. Plaintiff's unilaterally set deposition schedule also creates the risk of prejudice of not allowing sufficient time for the NCAA to prepare its witnesses. The NCAA's lead counsel have several pre-existing conflicts during the unilaterally noticed deposition period, including among other things, multiple depositions on other matters, and pre-existing vacation. Further, Plaintiff's compressed unilaterally noticed deposition schedule does not allow sufficient time to prepare staff witnesses and the NCAA's corporate representative(s) for 75 broad topics. Plaintiff has not identified any reasons nor good cause for waiting until the eve of the close of liability discovery to engage in such substantial depositions, especially since Plaintiff contends to knowing (but not disclosing specific witnesses to the NCAA) that he would take these depositions for some time.

With respect to liability discovery, the NCAA served a subpoena to Forward Progress, the consulting entity that worked with Savannah State University. Documents produced responsive to that subpoena were served on Plaintiff on April 28, 2023.

The NCAA's counsel, Chisara Ezie-Boncoeur, Brian Casey, and Ilana Zelener are responsible for the above-listed items.

5. **A description of all known discovery remaining to be completed in this matter, including a proposed timetable for the completion of such discovery and the identity of the counsel responsible for completing such discovery.**

**Plaintiff:**

Other than the above, Plaintiff anticipates additional discovery of the parties' experts; damages-related discovery; the resolution of liability discovery; the evaluation of privilege assertions and other administrative and clean-up discovery, to be completed in accordance with the Court's schedule.

Attorneys Beth Fegan, Melissa Ryan Clark, Ling Wang, Je Yon Jung, and LaRuby May are responsible for completing such discovery.

**The NCAA:**

The NCAA intends to schedule a Savanah State University corporate representative deposition and it attempting to coordinate availability with SSU. The NCAA may depose additional third-parties. The NCAA's review of subpoenaed documents from third-party institutions, and of the depositions that Plaintiff intends to notice, will further inform that decision.

The NCAA's counsel, Chisara Ezie-Boncoeur, Brian Casey, and Alicia Raines Barrs, are responsible for these items.

6. **Any other discovery issues any party believes should be brought to the attention of the Court so as to avoid any further delays in the completion of discovery in this matter.**

**Plaintiff:** None.

**The NCAA:** None.

DATED: May 1, 2023                           Respectfully submitted,

                                             */s/ V. Chisara Ezie-Boncoeur*
                                             Victor D. Vital (Admitted *Pro Hac Vice*)[1]
                                             victor.vital@btlaw.com
                                             V. Chisara Ezie-Boncoeur

---

[1] Mr. Vital can be contacted at Barnes & Thornburg LLP's Dallas, Texas office.

cezie@btlaw.com
Brian E. Casey
brian.casey@btlaw.com
Alicia Raines Barrs
Alicia.Rainesbarrs@btlaw.com
Ilana Zelener (Admitted *Pro Hac Vice*)
Ilana.Zelener@btlaw.com
BARNES & THORNBURG LLP
201 S. Main Street
South Bend, IN 46204
Telephone: 574-233-1171
Facsimile:  574-237-1125

*Attorneys for Defendant the NCAA*

AND

By: */s/ Elizabeth A. Fegan*
 Elizabeth A. Fegan *(*admitted *Pro Hac Vice)*
 beth@feganscott.com
 **FEGAN SCOTT LLC**
 150 S. Wacker Dr., 24th Floor
 Chicago, IL 60606
 Telephone: (312) 741-1019
 Facsimile:  (312) 264-0100

 Je Yon Jung (admitted *pro hac vice*)
 **MAY JUNG, LLP**
 1100 W. Torn & Country Road, Suite 1250
 Orange, CA 92868
 Telephone: (818) 869-6476
 Facsimile:  (202) 618-8282
 jeyon@mayjung.com

 LaRuby May (admitted *pro hac vice*)
 **MAY JUNG, LLP**
 3216 11th Place, SE
 Washington, DC 20032
 Telephone: (202) 869-3735
 Facsimile:  (202) 619-8282
 laruby@mayjung.com

 Melissa R. Clark (admitted *pro hac vice*)
 melissa@feganscott.com
 **FEGAN SCOTT LLC**
 140 Broadway, 46th Fl.
 New York, NY 10005

-11-

Telephone: (347) 353-1150
Facsimile: (312) 264-0100

Ling S. Wang (admitted *pro hac vice*)
**FEGAN SCOTT LLC**
121 N. Washington Ave, 4th Floor
Minneapolis, MN 55401
Telephone: (651) 432-4468
Facsimile: (312) 264-0100
ling@feganscott.com

William N. Riley, Bar No.: 14941-49
Russell B. Cate, Bar No.: 27596-29
**RILEYCATE, LLC**
11 Municipal Drive, Ste. 320
Fishers, IN 46038
Telephone: (317) 588-2866
Facsimile: (317) 458-1875
wriley@rileycate.com
rcate@rileycate.com

*Attorneys for Plaintiff and the Proposed Class*