UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TROYCE MANASSA,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>    Defendant. | Case No.: 1:20-cv-03172-RLY-MJD |

**STATEMENT OF CLAIMS**

Pursuant to the Court's Case Management Orders, ECF Nos. 132, 170, Plaintiff respectfully submits the following statement of claims he intends to prove at trial:

Plaintiff Troyce Manassa brings his claims on behalf of himself and similarly situated Black student-athletes at Historically Black Colleges and Universities (HBCUs). More specifically, he brings this action on behalf of two putative classes, which are currently the subject of Plaintiff's fully briefed motion for class certification: (1) All Black student-athletes who participated in Division I HBCU athletic teams that were subject to a postseason access ban penalty due to the NCAA's Academic Performance Program from the 2010-11 school year through the date of class certification (the "Liability Class") and (2) All Black student-athletes participating in Division I HBCU athletic teams since December 10, 2020 (the "Injunctive Relief Class," collectively, with the Liability Class, the "Class").

Plaintiff intends to prove two claims at trial:

1.      **§ 1981:** The National Collegiate Athletic Association (NCAA) intentionally discriminated against the Class through its Academic Performance Program (APP). The Class comprises Black student-athletes at HBCUs, i.e., members of a racial minority. Each Class member had a contractual relationship with the NCAA. The NCAA intentionally discriminated against the Class by designing and implementing a non-negotiable APP. The NCAA's intentional discrimination will be established through the presentation of circumstantial evidence of discrimination including, but not limited to: 1) long-standing statistically significant disparities on the Class; 2) a historical background regarding the design and conversion from individual student-athlete academic programs to team-based academic programs, including the discriminatory predecessor academic programs, the key participants and architects of the program, and the sequence of events before, during, and after the APP's genesis; 3) the NCAA's procedural and substantive irregularities and departures regarding the APP's design and/or implementation; and 4) the contemporary statements and actions of key individuals that evidence inconsistencies regarding the purpose of the APP and its components, and their knowledge of the APP's harm on Black student-athletes at HBCUs.  The NCAA's discrimination violates 42 U.S.C. § 1981 and injured Plaintiff and the Class.

2.      **§ 1985:** The NCAA conspired to deprive Class members of their rights and privileges, including the rights and privileges afforded to white student-athletes at non-HBCU institutions. It did so by engaging in conduct that constituted a discriminatory pattern and which permeated the ranks of its employees. More specifically, the NCAA (and its employees and agents) developed and implemented an intentionally discriminatory program – the APP – which discriminated against and negatively impacted the Class. The NCAA has a history of developing

and implementing academic programs (predecessors to the APP) that disparately impact and intentionally discriminate against Black student-athletes. NCAA employees of various ranks were involved in these discriminatory actions. This conduct violates 42 U.S.C. § 1985 and injured Plaintiff and the Class.

At trial, the Class will seek a class-wide determination of liability; equitable relief; an award of costs, attorneys' fees, and prejudgment interest; and any such other and further relief as the Court deems just and proper. In addition, the Injunctive Relief class will seek injunctive relief. Plaintiff and the Liability Class intend to defer damages to separate trials to take place after a determination of liability.

Plaintiff respectfully requests leave to amend this statement of claims, if necessary, after the Court's rulings on Plaintiff's pending motion for class certification and/or its ruling on any forthcoming motions for summary judgment, should those orders change the scope of the Class or claims.

DATED: May 30, 2023

Respectfully submitted,

By: */s/ Elizabeth A. Fegan*
Elizabeth A. Fegan (admitted *pro hac vice*)
beth@feganscott.com
**FEGAN SCOTT LLC**
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100

Melissa R. Clark (admitted *pro hac vice*)
**FEGAN SCOTT LLC**
140 Broadway, 46th Fl.
New York, NY 10005
Telephone: (347) 353-1150
Facsimile: (312) 264-0100
melissa@feganscott.com

Ling S. Wang (admitted *pro hac vice*)
**FEGAN SCOTT LLC**
121 N. Washington Ave, 4th Floor
Minneapolis, MN 55401
Telephone: (651) 432-4468
Facsimile: (312) 264-0100
ling@feganscott.com

Je Yon Jung (admitted *pro hac vice*)
LaRuby May (admitted *pro hac vice*)
**MAY JUNG, LLP**
1100 W. Town & Country Road
Suite 1250
Orange, CA 92868
Telephone: (818) 869-6476
Facsimile: (202) 618-8282
jeyon@mayjung.com
laruby@mayjung.com

William N. Riley, Bar No.: 14941-49
Russell B. Cate, Bar No.: 27056-29
**RILEYCATE, LLC**
11 Municipal Drive, Ste. 320
Fishers, IN 46038
Telephone: (317) 588-2866
Facsimile: (317) 458-1875
wriley@rileycate.com
rcate@rileycate.com

*Attorneys for Plaintiff
and the Proposed Class*