UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TROYCE MANASSA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>*Defendant*. | Case No. 1:20-cv-03172-RLY-MJD |

## DEFENDANT NCAA'S STATEMENT OF DEFENSES

Pursuant to the Court's Case Management Orders, Dkt. Nos. 132 and 170, and consistent with the certification provisions of Federal Rule of Civil Procedure 11(b), the National Collegiate Athletic Association (the "NCAA") respectfully submits its Statement of Defenses to be proven at trial, including the legal theories upon which such claims or defenses are based.[1] The NCAA asserted each defense listed below in its Answer to Plaintiff's First Amended Class Action Complaint filed in this lawsuit, *see* Dkt. No. 213 (the "Live Answer"). The NCAA incorporates by reference as if set forth fully herein, each defense that it asserted in its Live Answer. The NCAA's statement of defenses are based upon the information and evidence currently available and known to the NCAA based on discovery to date.

The NCAA reserves all rights to amend and/or supplement this statement as appropriate in accordance with the Federal Rules of Civil Procedure, the Local Rules, and this Court's other orders.

---

[1] The NCAA has not asserted any causes of action against Plaintiff in this lawsuit and therefore does not submit a statement of claims.

1

I.    **NCAA'S STATEMENT CONCERNING ITS AFFIRMATIVE DEFENSES**

The NCAA intends to prove the following defenses at trial.[2]

A. Failure to State a Claim

Plaintiff and the alleged members of the putative classes failed to state a claim for relief under Section 1981 and under Section 1985, and cannot prove each required element of these pleaded claims. Among other things, Plaintiff lacks any benefits, privileges, rights, or terms to any postseason opportunities, or any other alleged sport related right as a student-athlete. The NCAA is not party to any contractual relationship with Plaintiff or any of the putative class members. The NCAA did not discriminate against Plaintiff in any way. Plaintiff's individual and class § 1985 claims are wholly derivative of his § 1981 claims. Because Plaintiff cannot prove the required elements of his § 1981 claims, his derivate § 1985 claim and those of the alleged putative class also fail as a matter of law.

B. Statute of Limitations

The applicable statute of limitations expired for both of Plaintiff's claims. Plaintiff filed his Complaint on December 10, 2020. Plaintiff's §1981 claim has a 4-year statute of limitations, and his § 1984 claim has a 2-year statute of limitations. Plaintiff learned that his basketball team would receive a postseason penalty no later than April 26, 2016. Therefore, the statute of limitations has run on each of Plaintiff's claims. Likewise, the applicable statute of limitations has expired for claims of most of the alleged members of the putative classes.

---

[2] By identifying a defense below, the NCAA in no way intends to amend or alter the parties' respective legal burdens as set forth in applicable controlling legal authority, nor is the identification of a defense below a concession that the NCAA bears a legal burden of proof with respect to the defense identified.  Plaintiff continues to have the burden of proof required by law.

C. <u>Laches</u>

The claims of the Plaintiff and alleged members of the putative classes are barred, in whole or in part, by the doctrine of laches because, upon information and belief, Plaintiff has unreasonably delayed and/or failed to exercise diligence in asserting his claims, to the detriment of the NCAA. Plaintiff knew as early as April 26, 2016 that his college basketball team would not have access to the postseason championship in 2017. Although his team's lack of access to the postseason championship is the focal point of Plaintiff's claims in this lawsuit, Plaintiff delayed in filing this lawsuit until December 2020. Likewise, the alleged members of the putative classes likely delayed in asserting claims, based on when they respectively learned that their teams would not have access to their respective postseason championships (to the extent they existed and they would otherwise be eligible to play in those championships). The lack of diligence and unreasonable delay by Plaintiff and the alleged members of the putative classes in asserting their claims materially prejudiced the NCAA because among other things, the passage of time has impaired NCAA's ability to call witnesses in its defense with knowledge of the disputed facts.

D. <u>Estoppel</u>

The claims of the Plaintiff and alleged members of the putative classes are barred, in whole or in part, by the doctrine of estoppel. Among other things, to the extent Plaintiff and any members of the alleged putative classes made misrepresentations that the NCAA reasonably relied on to its detriment regarding their respective participation as student-athletes, Plaintiff and any putative class members are now estopped from asserting otherwise.

E. <u>Third Party Actions</u>

The claims of the Plaintiff and alleged members of the putative classes are barred, in whole or in part, because, to the extent Plaintiff suffered damages, those damages were caused, in whole

or in part, by the actions of third-parties unrelated to the NCAA and not under the NCAA's control. For example, third party actions involving the Division I member institutions that the Plaintiff and each member of the alleged putative classes attended (such as any admission requirements, team requirements, championship requirements, etc.), and third party actions involving the respective athletic conferences that each applicable team in this lawsuit participated on (such as conference specific rules, etc.) undercut the viability of the pleaded claims. Specifically, for Plaintiff, his inability to play in the Mid-Eastern Athletic Conference (MEAC) basketball championship tournament in 2017 was exclusively due to the rules and policies prescribed by the MEAC at the time.

F. <u>No Causal Link</u>

The claims of the Plaintiff and alleged members of the putative classes are barred, in whole or in part, because the NCAA did not cause harm to Plaintiff or any alleged putative class member. No causation exists to support the pleaded claims. Likewise, no evidence exists showing any action by the NCAA to intentionally discriminate against the Plaintiff or any alleged putative class member.

G. <u>Failure of Consideration</u>

No contract exists between the NCAA and the Plaintiff or any alleged putative class member. To the extent Plaintiff sues on any allegedly enforceable agreements (although no evidence identifies any), those agreements lack sufficient consideration to support the alleged claims of Plaintiff or the putative class members.

H. <u>Punitive Damages</u>

Plaintiff seeks compensatory, economic, consequential, special, and punitive damages on behalf of himself and members of the alleged putative class. Plaintiff and the members of the

alleged putative class are not entitled under the law or the applicable facts to recover any of the foregoing categories of alleged damages. Among other things, the NCAA did not engage in any discriminatory practice or discriminatory practices and/or any continuing harm. Further, the NCAA did not act with malice or with reckless indifference to any federally protected rights of any aggrieved individuals. Additionally, to the extent the alleged claims would result in the NCAA paying damages to more than one claimant for the same alleged overcharge, they are barred because such multiple liability would violate rights guaranteed to the NCAA by the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

I. Insufficient Amount in Controversy

The claims of the Plaintiff and alleged members of the putative classes are barred because the alleged damages fail to satisfy the amount in controversy requirement provided by the Class Action Fairness Act.

J. Class not Similarly Situated

While the NCAA does not believe it has the burden of proof with respect to class certification issues, the claims of the Plaintiff and alleged members of the putative classes are barred because members of the putative class are not similarly situated. The potential claims of the purported class members reflect variability. The NCAA incorporates by reference as if set forth herein its Response in Opposition to Plaintiff's Motion for Class Certification (Dkt. No. 194) which identifies various reasons why the pleaded claims are not appropriate for a class action.

K. Class Requirements

While the NCAA does not believe it has the burden of proof with respect to class certification issues, Plaintiff and the alleged members of the putative classes cannot satisfy the

5

requirements necessary to maintain a class action. The NCAA incorporates by reference as if set forth herein its Response in Opposition to Plaintiff's Motion for Class Certification (Dkt. No. 194) which identifies various reasons why the pleaded claims are not appropriate for a class action.

    L.  <u>Speculative Damages</u>

While the NCAA disputes any liability or wrongdoing, any damages associated with Plaintiff's claims and those of the members of the alleged putative classes are speculative and conjectural, and not capable of calculation with a reasonable degree of certainty.

    M.  <u>Failure to Mitigate</u>

While the NCAA disputes any liability or wrongdoing, Plaintiff and the members of the alleged putative classes failed to take sufficient measures to mitigate their damages, if any. Examples of failure to mitigate damages includes, but is not limited to, Plaintiff and the members of the alleged putative classes: (a) electing to stay on their college sports teams that received postseason penalties and not transfer to other teams without penalties, where transferring was an availability; (b) not taking action to seek available waivers under the APP, (c) negatively contributing to their respective team's APR scores (retention and/or eligibility points); and/or (d) not taking action within their respective member institutions to have available APP waivers, filters, adjustments, or corrections applied.

    N.  <u>Plaintiff's Acts</u>

The claims of the Plaintiff and alleged members of the putative classes are barred, in whole or in part, because their own acts or omission caused or contributed to their alleged injuries. Examples of such acts include, but is not limited to, Plaintiff and the members of the alleged putative classes: (a) electing to stay on their college sports teams that received postseason penalties and not transfer to other teams without penalties, where transferring was an availability; (b) not

6

taking action to seek available waivers under the APP, (c) negatively contributing to their respective team's APR scores (retention and/or eligibility points); (d) not taking action within their respective member institutions to have available APP waivers, filters, adjustments, or corrections applied and/or (e) delaying in filing this lawsuit despite having knowledge of the respective postseason penalties for some time.

    O.  Unclean Hands

The claims of the Plaintiff and alleged members of the putative classes are barred, in whole or in part, by the doctrine of unclean hands. Among other things, Plaintiff and the members of the putative classes allege that the NCAA intentionally discriminated against them while knowing that the NCAA lacks any direct relationship with any of these parties and has not taken intentional action against them. Further, Plaintiff and alleged members of the putative classes had the ability to transfer to teams without postseason penalties but chose not to.

    P.  Foreseeability

The claims of the Plaintiff and alleged members of the putative classes are barred, in whole or in part, because injury to Plaintiff and to the alleged members of the putative classes was not foreseeable as a matter of law. Among other things, the NCAA lacks any direct relationship with Plaintiff and the alleged members of the putative class, the member schools and conferences (not NCAA staff) designed and adopted the Academic Performance Program that is challenged in this lawsuit, Plaintiff never raised issues to the NCAA about the requirements of the Academic Performance Program, and neither Plaintiff nor any of the alleged members of the putative class had the right to participate in NCAA championships. It was also not reasonable or foreseeable that Plaintiff would be allegedly injured despite not transferring to another school in an attempt to

participate in NCAA championships after learning of SSU's penalty or that SSU would not avail itself of certain remedies available to it to avoid a postseason penalty.

Q. No State Actor

To the extent Plaintiff's and the alleged members of the putative classes' Section 1985(3) claim require state action, this claim is barred because the NCAA is not a "state actor."

R. Mootness

The claims of the Plaintiff and alleged members of the putative class are barred, in whole or in part, by the doctrine of mootness to the extent that Plaintiff seeks injunctive relief for student-athletes who are no longer participating in NCAA athletics.

S. Standing

Although the complaint seeks injunctive relief, this lawsuit features a sole Plaintiff who lacks standing to obtain any injunctive relief. Further, as current and/or former individual student-athletes, and not representatives of the NCAA Division I membership, Plaintiff and the alleged members of the putative class lack of standing to assert the pleaded claims.

The NCAA respectfully requests leave to amend this statement of defenses, as needed and to the extent necessary, following the Court's rulings on Plaintiff's pending motion for class certification and/or its ruling on any forthcoming motions for summary judgment, and the completion of discovery.

DATED: May 30, 2023                        Respectfully submitted,

**BARNES & THORNBURG LLP**

*/s/ Chisara Ezie-Boncoeur*
Brian E. Casey
brian.casey@btlaw.com
V. Chisara Ezie-Boncoeur
cezie@btlaw.com
201 S. Main Street
South Bend, IN  46204
Telephone: (574) 233-1171
Facsimile: (574) 237-1125

- and -

Victor D. Vital
victor.vital@btlaw.com
*Admitted Pro Hac Vice*
Alicia Raines Barrs
Alicia.Rainesbarrs@btlaw.com
Ilana Zelener
Ilana.Zelener@btlaw.com
*Admitted Pro Hac Vice*
2121 N. Pearl Street, Suite 700
Dallas, TX 75201-2469
Telephone: (214) 258-4200
Facsimile: (214) 258-4199

***Counsel for Defendant the NCAA***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been filed using this court's ECF system on all counsel of record on May 30, 2023.

*/s/ Chisara Ezie-Boncoeur*
Chisara Ezie-Boncoeur