UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TROYCE MANASSA, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>        Defendant. | Case No. 1:20-cv-03172-RLY-MJD |

**JOINT REPORT ON THE STATUS OF DISCOVERY**

Pursuant to the Court's October 4, 2021 Scheduling Order (Dkt. No. 47), and May 5, 2023 Minute Entry (Dkt. No. 214), the parties jointly submit the following Joint Report on the Status of Discovery in advance of the June 29, 2023 status conference.

**1.     A detailed description of all discovery completed within the preceding 28 days.**

**Plaintiff:**

Plaintiff deposed the following former NCAA employees: Reshauna Cobb (5/31); Jennifer Strawley (6/1); and Mark Emmert (6/6). Plaintiff also deposed NCAA employees and corporate representatives Binh Nguyen (6/9)[1]; Tom Paskus (6/12); Kevin Lennon (6/14); and third-parties Alabama State University (6/1), Savannah State University (6/12 and 6/15). Plaintiff also defended the deposition of his expert Dr. Bernard Siskin on June 23, 2023.

---

[1] Plaintiff noticed Binh Nguyen individually and the NCAA also later designated her as a corporate representative in response to Plaintiff's Rule 30(b)(6) deposition notice. The NCAA presented Binh Nguyen in her corporate representative and individual capacities on the same day, which Plaintiff did not oppose. Plaintiff completed his 30(b)(6) deposition of Ms. Nguyen, and because that took the full day, Plaintiff reserved the right to re-call Ms. Nguyen for an individual deposition.

**The NCAA:**

The parties completed the following depositions: (1) former NCAA staff member Reshauna Cobb (5/31); (2) Alabama State University via its corporate representative Jason Cable (6/1); (3) former NCAA staff member Jennifer Strawley (6/1); (4) former NCAA President Dr. Mark Emmert (6/6); (5) NCAA staff member Binh Nguyen, who was presented as the NCAA's corporate representative and in her individual capacity[2] (6/9); (6) NCAA staff member Tom Paskus, who was presented as the NCAA's corporate representative and in his individual capacity[3] (6/12); (7) Savannah State University via its corporate representative Danita Townsend (6/12); (8) Kevin Lennon in his individual capacity and as the NCAA's corporate representative (6/14); (9) Savannah State University via its corporate representative Coach Horace Broadnax (6/15), and (10) Plaintiff's liability expert, Bernard Siskin, Ph.D. (6/23).

The NCAA's counsel, Chisara Ezie-Boncoeur and Brian Casey, are responsible for the above-listed items.

2. **A detailed description of all discovery presently scheduled or pending, including the due dates for any pending discovery requests and the scheduled dates for any depositions, and the identity of the counsel responsible for completing such discovery.**

**Plaintiff:**

Plaintiff is taking the depositions of former NCAA employee Todd Petr (6/28) and resuming the deposition of Tom Paskus on a date to be determined. Plaintiff further notes the following additional upcoming depositions, with dates still being finalized:

- Rule 30(b)(6) representative(s) of Southern University (8/16 tentatively)

---

[2] Although prior to the depositions, counsel agreed to depose the NCAA's individual and corporate representative witnesses in the same deposition setting, Plaintiff spent a full day on the record with Ms. Nguyen and reserved the right to re-call her for an individual deposition.

[3] Mr. Paskus's deposition may be continued due to medical reasons. The NCAA has offered potential dates for his resumed deposition.

- Rule 30(b)(6) representative(s) of Howard University

- Potential additional NCAA 30(b)(6) designees

Attorneys Beth Fegan, Melissa Ryan Clark, Ling Wang, Je Yon Jung, and LaRuby May are responsible for completing such discovery.

**The NCAA:**

The NCAA will present its former staff member Todd Petr for a deposition on June 28, 2023. Plaintiff intends to depose Southern University on August 16, 2023. The NCAA intends to cross-notice this deposition. The NCAA also intends to cross-notice the Rule 30(b)(6) deposition of Howard University. The NCAA has not made any additional changes to its Rule 30(b)(6) witness designations aside from those previously provided to Plaintiff.

The NCAA's counsel, Chisara Ezie-Boncoeur and Brian Casey, are responsible for the above-listed items.

**3. A detailed description of any discovery disputes presently pending, including the status of the resolution of the dispute and the identity of the counsel responsible for resolving the dispute.**

**Plaintiff:**

Following the deposition of NCAA's former President Mark Emmert, Plaintiff requested the production of 8 categories of documents that are responsive to Plaintiff's existing Requests for Production, the specifics of which Plaintiff's counsel pointed out in an email. The NCAA responded that it has searched for or is searching for the custodial sources Plaintiff's counsel indicated for any responsive, non-duplicative, non-privileged information. Plaintiff is not attempting to expand the scope of liability-related discovery. Instead, Plaintiff's efforts are aimed at ensuring that the NCAA has complied and will continue to comply with its affirmative discovery obligations by producing all relevant and responsive information as required.

With respect to Plaintiff's Rule 30(b)(6) notice, the parties are continuing efforts to resolve the NCAA's objections, including whether depositions of additional corporate representatives are necessary if the parties are unable to reach agreement on certain topics such as revenue and authenticity.

A small number of attachments to certain Plaintiff's documents were not produced as a result of vendor error. Plaintiff is working with his vendor to get these attachments produced this week. The NCAA is likewise working to produce all documents in accordance with the parties' agreed-upon ESI protocol.

On June 13, 2023, Plaintiff received the NCAA's response to his May 25, 2023 letter identifying several discovery deficiencies and concerns with the NCAA's most recent discovery responses and privilege assertions. Defendant's letter response addresses little, if any, of Plaintiff's concerns. For example, Plaintiff pointed out that the NCAA's privilege log appears to categorically withhold all attachments to emails it asserts as privileged without any independent analysis on whether the attachment is privileged, as the law requires. The NCAA's response confirms that – stating that "Pursuant to the parties' ESI protocol, to preserve the parent-child relationships, the family is treated as privileged." In addition, the NCAA also notes that parent emails to privileged communications have also been withheld as privileged, even if the parent email itself is not privileged. Indeed, the ESI protocol only requires that such relationships be preserved where reasonably possible, and certainly does not require the wholesale withholding of non-privileged parent or child documents in order to preserve parent-child relationships.

In April, Plaintiff sent the NCAA a proposed stipulation regarding authenticity and admissibility, which requested that documents produced in this litigation shall be deemed authentic and admissible with both parties retaining the right to argue whether a particular document

contains any inadmissible hearsay. Plaintiff did not receive a response. As a result, Plaintiff propounded various requests for admissions for authenticity purposes. In its objections and responses to Plaintiff's Second Set of Requests for Admissions, the NCAA has refused to admit that the documents it produced in this litigation are true and correct copies of the NCAA's documents, serving a multitude of objections and responses subject to its objections.

Plaintiff has reached out regarding availability for a meet and confer with the NCAA to further discuss outstanding discovery issues.

**The NCAA:**

Following the deposition of the NCAA's former President Dr. Mark Emmert, Plaintiff requested the production of 8 categories of documents, to include the collection, review, and production of additional custodial files. The parties have exchanged emails regarding their positions on this request, and on June 16, the NCAA requested a meet and confer, because among other things, some of these requests are not covered by requests for production propounded, or were subject to objections. In good faith, the NCAA is assessing whether any additional responsive, non-duplicative, non-privileged information exists related to certain requests. However, given that the class certification and liability discovery deadlines have passed, the NCAA objects to Plaintiff's late attempts to expand the scope of liability-related discovery.

The NCAA presented its 30(b)(6) witnesses subject to its served written objections, and following additional written correspondence exchanged with Plaintiff regarding the scope of the notice containing (76) broad topics, some of which have subparts. In relation to objections raised to the 30(b)(6) topics of revenue and HBCU specific items, on June 7, 2023, Plaintiff indicated he would send a proposed stipulation regarding these specific topics to the NCAA for review by June 8, 2023. The NCAA remains waiting to receive this specific proposal. The NCAA has maintained

a good faith open dialogue with Plaintiff to resolve any remaining issues regarding its objections to the 30(b)(6) notice, but views this matter as largely resolved, considering that the 30(b)(6) depositions have concluded (with the exception of Plaintiff continuing Mr. Paskus's deposition).

Plaintiff raised an issue regarding the format of documents produced under the parties' ESI protocol such as emails and instant messages. It appears that both Plaintiff and Defendant each produced documents in formats that do not fully match the threading specifications of the ESI protocol. To address this, the NCAA began to reproduce individual emails and the native versions of instant messages. The NCAA likewise requested on June 8, 2023 that Plaintiff address the threading format issue among its document production, namely that media files in threads were not produced, instant messages were incomplete, and emails were missing attachments.

On June 13, 2023, the NCAA provided a detailed response to Plaintiff's letter concerning certain purported discovery issues concerning its responses to Plaintiff's Fourth Set of Interrogatories, Plaintiff's Fifth and Six Requests for Production of Documents, Plaintiff's First and Second Sets of Request for Admissions, and the NCAA's privilege log and a clawback request. In its letter, among other things, the NCAA maintained that many of Plaintiff's over 200 requests for admissions were not aimed to authenticate material. The NCAA's counsel indicated that it is available to meet and confer with Plaintiff to resolve any remaining discovery matters. On June 27, 2023, Plaintiff requested to schedule an additional meet and confer regarding the remaining discovery items.

The NCAA's counsel, Chisara Ezie-Boncoeur, Alicia Barrs, and Brian Casey, are responsible for the above-listed items.

**4.   A detailed description of all discovery that is planned to be completed within the 28-day period following the report, including the identity of the counsel responsible for completing such discovery.**

**Plaintiff:**

Plaintiff incorporates the above statements regarding the upcoming depositions of NCAA current and former employees and third parties and is continuing to pursue third party discovery in connection with previously served subpoenas.

Attorneys Beth Fegan, Melissa Ryan Clark, Ling Wang, Je Yon Jung, and LaRuby May are responsible for completing such discovery.

**The NCAA:**

On April 12, 2023, Plaintiff served subpoenas duces tecum on (1) the HBCU Conference-Central Intercollegiate Athletic Association ("CIAA"); (2) the HBCU Conference-Mid-Eastern Athletic Conference ("MEAC"); (3) the HBCU Conference-Southern Intercollegiate Athletic Conference ("SIAC"); (4) National Association of Basketball Coaches; (5) National Federation of State High School Associations; and (6) the Southwestern Athletic Conference (SWAC). The NCAA is still awaiting the production of documents responsive to Plaintiff's subpoenas to the CIAA, MEAC, SIAC, National Association of Basketball Coaches, and National Federation of State High School Associations.

The NCAA's counsel, Chisara Ezie-Boncoeur and Brian Casey, are responsible for the above-listed items.

5.   **A description of all known discovery remaining to be completed in this matter, including a proposed timetable for the completion of such discovery and the identity of the counsel responsible for completing such discovery.**

**Plaintiff:**

Plaintiff notes the above-identified depositions, third-party discovery, and needs to resolve disputes and deficiencies arising from the NCAA's responses and objections to Plaintiff's discovery requests.

Plaintiff anticipates administrative and clean-up discovery to be completed in accordance with the Court's schedule.

Attorneys Beth Fegan, Melissa Ryan Clark, Ling Wang, Je Yon Jung, and LaRuby May are responsible for completing such discovery.

**The NCAA:**

Following the NCAA's June 23, 2023 completion of the deposition of Plaintiff's liability expert, it plans to prepare its remaining Daubert reports for filing by mid-July. Aside from this, and concluding any depositions referenced in section 1 above, the NCAA is not aware of additional discovery that needs to occur, and notes that class and liability based discovery deadlines are closed.

The NCAA's counsel, Chisara Ezie-Boncoeur, Brian Casey, and Alicia Raines Barrs, are responsible for these items.

**6.  Any other discovery issues any party believes should be brought to the attention of the Court so as to avoid any further delays in the completion of discovery in this matter.**

**Plaintiff:**

None beyond the above-identified issues.

**The NCAA:**

On June 16, 2023, pursuant to the Court's order extending the Motion for Summary Judgment Deadline by one week through June 16, 2023, the NCAA filed its Motion for Summary Judgment. *See* Dkt. Nos. 228-231-12.

DATED: June 27, 2023                     Respectfully submitted,

                                         */s/ V. Chisara Ezie-Boncoeur*
                                         Victor D. Vital (Admitted *Pro Hac Vice*)[4]

---

[4] Mr. Vital can be contacted at Barnes & Thornburg LLP's Dallas, Texas office.

victor.vital@btlaw.com
V. Chisara Ezie-Boncoeur
cezie@btlaw.com
Brian E. Casey
brian.casey@btlaw.com
Alicia Raines Barrs
Alicia.Rainesbarrs@btlaw.com
Ilana Zelener (Admitted *Pro Hac Vice*)
Ilana.Zelener@btlaw.com
BARNES & THORNBURG LLP
201 S. Main Street
South Bend, IN 46204
Telephone: 574-233-1171
Facsimile:  574-237-1125

*Attorneys for Defendant the NCAA*

AND

By: */s/ Elizabeth A. Fegan*
 Elizabeth A. Fegan *(*admitted *Pro Hac Vice)*
 beth@feganscott.com
 **FEGAN SCOTT LLC**
 150 S. Wacker Dr., 24th Floor
 Chicago, IL 60606
 Telephone: (312) 741-1019
 Facsimile:  (312) 264-0100

 Je Yon Jung (admitted *pro hac vice*)
 **MAY JUNG, LLP**
 333 City Blvd. West Suite 327
 Orange, CA 92868
 Telephone: (818) 869-6476
 Facsimile:  (202) 618-8282
 jeyon@mayjung.com

 LaRuby May (admitted *pro hac vice*)
 **MAY JUNG, LLP**
 2006 Martin Luther King Jr. Ave., SE Suite 210
 Washington, D.C. 20020
 Telephone: (202) 869-3735
 Facsimile:  (202) 619-8282
 laruby@mayjung.com

 Melissa R. Clark (admitted *pro hac vice*)
 melissa@feganscott.com
 **FEGAN SCOTT LLC**

-9-

Case 1:20-cv-03172-RLY-MJD   Document 233   Filed 06/27/23   Page 10 of 10 PageID #: 8314

140 Broadway, 46th Fl.
New York, NY 10005
Telephone: (347) 353-1150
Facsimile:  (312) 264-0100

Ling S. Wang (admitted *pro hac vice*)
**FEGAN SCOTT LLC**
121 N. Washington Ave, 4th Floor
Minneapolis, MN 55401
Telephone: (651) 432-4468
Facsimile:  (312) 264-0100
ling@feganscott.com

William N. Riley, Bar No.: 14941-49
Russell B. Cate, Bar No.: 27056-29
**RILEYCATE, LLC**
11 Municipal Drive, Ste. 320
Fishers, IN 46038
Telephone: (317) 588-2866
Facsimile:  (317) 458-1875
wriley@rileycate.com
rcate@rileycate.com

*Attorneys for Plaintiff and the Proposed Class*

-10-