UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TROYCE MANASSA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>Defendant. | Case No. 1:20-cv-03172-RLY-MJD |

## MOTION TO INTERVENE BY BRENDA MCKINNEY

### I. INTRODUCTION

Brenda McKinney moves to intervene in the instant lawsuit pursuant to Federal Rule of Civil Procedure ("Rule") 24. Ms. McKinney is a current student at Grambling State University ("GSU") where she is a member of a National Collegiate Athletic Association ("NCAA") Division I women's basketball team. GSU is one of the 23 Historically Black Colleges and Universities ("HBCUs") in Division I athletics. Ms. McKinney brought suit against the NCAA on August 4, 2023, on behalf of herself and a proposed injunctive relief class of "[a]ll current Black student-athletes participating in Division I HBCU athletic teams during the academic year 2022-23 through the date of class certification." *McKinney v. NCAA*, 23-cv-01372 (S.D. Ind.), ECF No. 1 ("McKinney Compl."), ¶ 163; *see also* Fed. R. Civ. P. 23(b)(2). Ms. McKinney's complaint alleges that the NCAA's Academic Performance Program ("APP") is discriminatory. She respectfully requests that this Court grant her motion to intervene in *Manassa v. NCAA* as of right pursuant to Fed. R. Civ. P. 24(a) or, in the alternative, allow permissive intervention pursuant to Fed. R. Civ. P. 24(b).

## II. BACKGROUND

The complaint in this matter was filed on December 10, 2020 by Troyce Manassa, Austin Dasent, and J'TA Freeman, individually and on behalf of all others similarly situated. Manassa and Dasent were former student-athletes at Savannah State University. Freeman was at that time a current student-athlete at Howard University. The Court dismissed Freeman from the *Manassa* case on September 13, 2021, concluding that she lacked standing because her Howard University lacrosse team had not suffered a postseason ban during her first year on the team in 2019-20, and the likelihood of a future ban was too speculative to confer standing. ECF No. 42 at 12-14. Manassa is now the sole named Plaintiff.

In Manassa's motion for class certification, he requested certification of the following proposed classes:

> (1) <u>Injunctive Relief Class Pursuant to Rule 23(b)(2)</u>:
>
> All Black student-athletes participating in Division I HBCU athletic teams since December 10, 2020.
>
> (2) <u>Liability Class Pursuant to Rule 23(b)(3) and/or Rule 23(c)(4)</u>:
>
> All Black student-athletes who participated in Division I HBCU athletic teams that were subject to a postseason access ban penalty due to the NCAA's Academic Performance Program from the 2010-11 school year through the date of class certification.

ECF Nos. 177, 178-1.

With respect to the proposed Injunctive Relief Class, Plaintiff requested that the Court reconsider its decision to dismiss Ms. Freeman and appoint her as representative for the Injunctive Relief Class, or, in the alternative, provide Plaintiff with time to substitute an appropriate class representative. ECF No. 177 at 3-4. Plaintiff reiterated this request in his memorandum in

opposition to defendant's motion for summary judgment. ECF No. 243-1 at 59-60. The motion for class certification and the summary judgment motion remain pending.

### III. ARGUMENT

Rule 24 permits two types of intervention: intervention as of right and permissive intervention. Rule 24(a) provides that a court must permit a timely motion to intervene by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Rule 24(b) provides that, "[o]n timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact," provided the court considers "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b).

With respect to either type of intervention, Rule 24 should be "liberally construed in favor of potential intervenors." *IWork Software v. Corp. Express, Inc.*, No. 02-cv-6355, 2003 U.S. Dist. LEXIS 19686, at *6 (N.D. Ill. Oct. 31, 2003). In evaluating the motion to intervene, the district court must accept as true the non-conclusory allegations of the motion and complaint. *Lake Invs. Dev. Grp., Inc. v. Egidi Dev. Grp.*, 715 F.2d 1256, 1258 (7th Cir. 1983).

As set forth below, Brenda McKinney is entitled to intervene as a right, and, although no additional basis for intervention is required, there is also ample basis for the Court to exercise its discretion to grant permissive intervention.

### A. Ms. McKinney has a right to intervene in this action.

"A motion to intervene as a matter of right [] should not be dismissed unless it appears to a certainty that the intervenor is not entitled to relief under any set of facts which could be proved under the complaint." *Illinois v. City of Chi.*, 912 F.3d 979, 984 (7th Cir. 2019) (citations omitted).

"Rule 24(a)(2) requires the court to allow intervention if the would-be intervenor can prove: '(1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action.'" *Bost v. Ill. State Bd. of Elections*, No. 22-3034, 2023 U.S. App. LEXIS 19346, at *4 (7th Cir. July 27, 2023); *see also City of Chi.*, 912 F.3d at 984 (same).

There can be no reasonable dispute as to these factors:

(1): Ms. McKinney brings this motion within a week of filing her own complaint and a short time after discovering the alleged discrimination and *Manassa's* potential impact on her own rights;

(2) and (3): "In the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Fed. R. Civ. P. 23 representative litigation." *In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortg. Loan Litig.*, 418 F.3d 277, 283 (3d Cir. 2005); and

(4): Defendant has repeatedly argued that Mr. Manassa cannot represent individuals like Ms. McKinney and the injunctive relief class she seeks to represent.

1. **This motion to intervene is timely.**

For intervention under Rule 24, timeliness "is not limited to chronological considerations but is to be determined from all the circumstances." *Lopez-Aguilar v. Marion Cnty. Sheriff's Dep't*, 924 F.3d 375, 388 (7th Cir. 2019) (cleaned up). Courts "look to four factors to determine whether a motion is timely: (1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; (4) any other unusual circumstances." *City of Chi.*, 912 F.3d at 984 (cleaned up). "[T]he general rule is that the member of a shadow class can delay filing his

motion to intervene to appeal the denial of certification of his class until the final judgment is entered." *Larson v. JPMorgan Chase & Co.*, 530 F.3d 578, 583 (7th Cir. 2008). "A representative plaintiff acts as fiduciary for the others. Only when the class members suspect that the representative is not acting in their best interests is there a need to intervene. This means that delay must be measured from the time the would-be intervenors learned (or should have known) of the representative's shortcomings." *Crawford v. Equifax Payment Servs.*, 201 F.3d 877, 880 (7th Cir. 2000). Thus, the Supreme Court held that an unnamed class member's motion to intervene in a class action was timely because "as soon as it became clear to the respondent that the interests of the unnamed class members would no longer be protected by the named class representatives, she promptly moved to intervene to protect those interests." *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977).

    Ms. McKinney had multiple Division I offers to play basketball upon the completion of a successful career at Chipola Community College. Ms. McKinney decided to attend an HBCU as she and her family believed that it would provide the greatest support for her achieving her athletic and academic goals. Subsequent to committing to GSU to play for the Women's Basketball program, Ms. McKinney learned of the injustices that this case was seeking to fight. Ms. McKinney has met and overcome many challenges in her lifetime and has always used those opportunities to fight for others. She moved to intervene once she began playing for GSU and only a short time after the dismissal of J'TA Freeman and the NCAA's opposition to Manassa's motion for class certification, recognizing that Mr. Manassa may not be able to represent the Injunctive Relief Class. Her intervention will not prejudice the NCAA or Manassa because she was already an unnamed member of the proposed Injunctive Relief Class. She will suffer significant prejudice

if the motion is denied, however, because she will have to litigate a separate class action while experiencing the prejudicial effects of the NCAA's APP as a Black student-athlete at a DI HBCU.

### 2. Ms. McKinney has a "direct, significant and legally protectable interest" in the subject at issue in *Manassa v. NCAA.*

Ms. McKinney plainly has an interest in the subject at issue in *Manassa*: she is a current Black-student athlete who brought the same claims of discrimination related to the same discriminatory program against the same defendant and she is a member of the proposed Injunctive Relief Class in *Manassa*. "A proposed intervenor must demonstrate a direct, significant and legally protectable interest in the property at issue in the law suit. The interest must be based on a right that belongs to the proposed intervenor rather than to an existing party in the suit[, and] must be so direct that the applicant would have a right to maintain a claim for the relief sought." *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985) (cleaned up). The Seventh Circuit has "never required a right that belongs *only* to the proposed intervenor, or even a right that belongs to the proposed intervenor *and not to* the existing party. Properly understood, the 'unique' interest requirement demands only that an interest belong to the would-be intervenor in its own right, rather than derived from the rights of an existing party." *Bost v. Ill. State Bd. of Elections*, No. 22-3034, 2023 U.S. App. LEXIS 19346, at *4-5 (7th Cir. July 27, 2023). There must be "a personal stake that is not dependent on the interests of an existing party." *Id.* at *5. As a current Black student-athlete at an HBCU, Ms. McKinney has her own direct, significant, and legally protectible interest in being free from the discrimination inherent in the NCAA's APP.

### 3. Ms. McKinney faces potential impairment, as a practical matter, of that interest by the disposition of the action.

Ms. McKinney's shared interests and claims with those at issue in the *Manassa* litigation mean that her interests may be impaired by the disposition of *Manassa*. Ms. McKinney need merely show that the disposition of the action "may as a practical matter impair or impede [her]

ability to protect [her] interest." Fed. R. Civ. P. 24(a)(2); Fed. R. Civ. P. 24(a) advisory committee's note to 1966 amendment. Rule 23 also provides that the Court may issue orders requiring notice to class members of their opportunity to intervene and present claims, in order "to protect class members and fairly conduct the action." Fed. R. Civ. P. 23(d)(1)(B). The Manassa action could potentially impair or impede Ms. McKinney's ability to protect her own interests. For example, summary judgment motions are pending that may bear on Ms. McKinney's own claims, which comprise the same causes of action as brought in Manassa, based on the same discriminatory APP.

### 4. Mr. Manassa may not adequately represent the interests of the Injunctive Relief Class in *Manassa*.

The Seventh Circuit applies "three different standards for showing inadequacy depending on the relationship between the party and the intervenor. Put simply, the stronger the relationship between the interests of the existing party and the interests of the party attempting to intervene, the more proof of inadequacy we require before allowing intervention." *Bost*, 2023 U.S. App. LEXIS 19346, at *5-7. The third and strictest standard is inapplicable here, as no government body is involved. *Id.* at *7-8. The two remaining are the "default rule" and "intermediate standard"; which of the two applies depends upon whether the parties share "the same goal." *Id.* (if the parties share the "same goal," the court applies the "intermediate standard."). "For the potential intervenor and the named party to have 'the same goal,' it is not enough that they seek the same outcome in the case." *Id.* at *8. Instead, "they have 'the same goal' only where the interests are genuinely 'identical.'" *Id.*

Here, as in *Bost*, the "stakes" are different for Ms. McKinney and the proposed Injunctive Relief class, which seeks injunctive relief, as compared to Mr. Manassa and the proposed Liability Class, which seeks a liability determination for class members who were subject to a postseason ban. *See id.* Thus, their interests are not genuinely identical, and the default rule applies. *See id.*

"Under the default rule, the applicant must show that representation of his interest may be inadequate, before he is granted intervention as of right." *Id.* at *11 (cleaned up). This "lenient" standard "is satisfied when the named party fails to make an argument before the trial court that would further the intervenor's interests." *Id.* Mr. Manassa is not arguing for injunctive relief on behalf of the Liability Class, and thus he is not making an argument before the trial court that would further Ms. McKinney's interests. Indeed, the NCAA has argued that Mr. Manassa, the only current plaintiff in *Manassa*, may not represent the Injunctive Relief Class. The Court should permit Ms. McKinney to intervene as of right.

**B.     Ms. McKinney is also qualified for permissive intervention.**

Ms. McKinney also qualifies for permissive intervention under Fed. R. Civ. P. 24(b). Rule 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Independent subject matter jurisdiction must exist, *Pavlock v. Holcomb*, 337 F.R.D. 173, 180 (N.D. Ind. 2020), as it does here. *See* McKinney Compl., ¶ 13.

Here, "[n]othing would be gained - and much would be lost - by splitting the dispute into separate lawsuits. Two lawsuits would take more time and energy than one. Litigating the entire dispute here is better than litigating the same dispute in two different courtrooms, or (worse yet) two different courthouses." *OsteoMed LLC v. Stryker Corp.*, No. 20-cv-6821, 2021 U.S. Dist. LEXIS 93293, at *11-12 (N.D. Ill. May 17, 2021). *See also IWork Software*, 2003 U.S. Dist. LEXIS 19686, at *6 ("Courts also have an interest in allowing parties with actual interests in pending litigation to intervene in order to prevent or simplify future litigation involving related claims.") (cleaned up). Thus, Ms. McKinney respectfully requests that this Court grant permissive intervention in the alternative to intervention as of right.

## IV. CONCLUSION

For the foregoing reasons, Ms. McKinney respectfully requests that the Court grant her request to intervene in this action as of right pursuant to Rule 24(a), or, in the alternative, allow permissive intervention pursuant to Rule 24(b).

DATED: August 7, 2023                    Respectfully submitted,

By: */s/ William N. Riley*
William N. Riley, Bar No.: 14941-49
Russell B. Cate, Bar No.: 27056-29
Sundeep Singh, Bar No. 36591-29
**RILEYCATE, LLC**
11 Municipal Drive, Ste. 320
Fishers, IN 46038
Telephone: (317) 588-2866
Facsimile: (317) 458-1875
wriley@rileycate.com
rcate@rileycate.com
ssingh@rileycate.com

Elizabeth A. Fegan *(*admitted *pro hac vice)*
**FEGAN SCOTT LLC**
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100
beth@feganscott.com

Je Yon Jung (admitted *pro hac vice*)
Jessica Meeder (admitted *pro hac vice*)
**MAY JUNG, LLP**
1100 W. Torn & Country Road, Suite 1250
Orange, CA 92868
Telephone: (818) 869-6476
Facsimile: (202) 618-8282
jeyon@mayjung.com
jessica@mayjung.com

LaRuby May (admitted *pro hac vice*)
**MAY JUNG, LLP**
3216 11th Place, SE
Washington, DC 20032
Telephone: (202) 869-3735

<mark>
</mark>

Facsimile: (202) 619-8282
laruby@mayjung.com

Melissa R. Clark (admitted *pro hac vice*)
**FEGAN SCOTT LLC**
140 Broadway, 46th Fl.
New York, NY 10005
Telephone: (347) 353-1150
Facsimile: (312) 264-0100
melissa@feganscott.com


Ling S. Wang (admitted *pro hac vice*)
**FEGAN SCOTT LLC**
121 N. Washington Ave, 4th Floor
Minneapolis, MN 55401
Telephone: (651) 432-4468
Facsimile: (312) 264-0100
ling@feganscott.com


*Attorneys for Plaintiff and the Proposed Class*