UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TROYCE MANASSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-03172-RLY-MJD |
| | ) |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION TO INTERVENE**

This matter is before the Court on Brenda McKinney's Motion to Intervene. [Dkt. 255.] For the reasons set forth below, the motion is **DENIED**.

## I.     Background

Troyce Manassa ("Manassa"), Austin Dasent ("Dasent"), and J'Ta Freeman ("Freeman") filed suit individually and on behalf of all others similarly situated against the National Collegiate Athletic Association ("NCAA") on December 10, 2020. They alleged that, due to the NCAA's implementation of the Academic Performance Program ("APP"), which penalizes Division I teams if a prior year's team did not meet certain performance benchmarks, they were discriminated against based on their race. This is because the NCAA based the APP on a formula which included metrics that they alleged the NCAA knew would discriminate against Black student athletes at Historically Black Colleges and Universities ("HBCUs").

At the time of filing, Manassa and Dasent were former student-athletes at Savannah State University, and Freeman was a current athlete at Howard University. Dasent was dismissed from this case in January of 2022 by stipulation of the parties. [Dkt. 75.] Freeman was dismissed from

this case on September 13, 2021; the District Judge concluded that she lacked standing, because her team had not suffered a postseason ban during her first year on the team and the likelihood of future ban was too speculative to confer standing. [Dkt. 42.]

In Manassa's motion for class certification, he requested certification of two classes: an Injunctive Relief Class and a Liability Class. The Injunctive Relief Class, at issue here, includes all Black student-athletes participating in Division I HBCU athletic teams since December 10, 2020.

McKinney is a current student at Grambling State University ("GSU"), one of the 23 HBCUs, where she is a member of an NCAA Division I women's basketball team. McKinney filed her own suit on August 4, 2023, against the NCAA on behalf of herself and a proposed injunctive relief class of all current Black student athletes participating in Division I HBCU athletic teams during the academic year 2022-2023. *See McKinney v. NCAA*, 1:23-cv-01372-RLY-MJD (S.D. Ind.). The complaint in that case also alleges that the NCAA's APP is discriminatory. McKinney now seeks to intervene in this case and be appointed as the class representative of the Injunctive Relief Class proposed by Manassa.

## II.     Discussion

McKinney first argues that she should be allowed to intervene as of right under Federal Rule of Civil Procedure 24(a). The Court disagrees. Rule 24(a)(2) requires the Court to permit a person to intervene when: (1) the person claims an interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may as a practical matter impair or impede the person's ability to protect his interest; and (3) the person's interest is not adequately protected by the existing parties to the action. Fed. R. Civ. P. 24(a)(2).

McKinney has not established that her interests would be impaired or impeded by the denial of this motion. McKinney argues that she faces impairment of her claims through stare decisis or as a putative class member. However, even if the pending motion for class certification is denied, McKinney would not be precluded from seeking redress in her own, currently pending action, in which she alleges the same claims as Manassa. Her claim would not be precluded by stare decisis. *See Rock v. Nat'l Collegiate Athletic Ass'n*, 2016 WL 1270087, at *17 (S.D. Ind. Mar. 31, 2016) (stating that interests of the intervenor plaintiff are not impaired or impeded by the denial of class certification she seeks to intervene on) (citing *Southmark Corp. v. Cagan*, 950 F.2d, 419 (7th Cir. 1991); *Shea v. Angulo*, 19 F.3d 343, 346 (7th Cir. 1994)). Accordingly, intervention under Fed. R. Civ. P. 24(a) is unwarranted.

In the alternative, McKinney argues that she should be granted leave to intervene through permissive intervention pursuant to Rule 24(b). Rule 24(b) gives the Court discretion to permit a person to intervene when: (1) the person has a claim or defense that shares with the main action a common question of law or fact, and (2) the intervention would not unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b). The Court, in its discretion, finds that denial of McKinney's motion is appropriate because the motion is significantly untimely. While McKinney and Manassa may share common questions of law or fact, McKinney brings this motion over 21 months past the deadline to add a new plaintiff to this case, and four months after the close of discovery. McKinney argues that, because she became a GSU student athlete in the summer of 2023, and filed this motion only months after beginning at GSU, her motion is timely. However, allowing McKinney to intervene at this late stage of the case, when she has already filed a suit bringing her own claims, is not necessary. This would further delay ruling on the pending motion for class certification and discovery would be needed in order to

determine whether McKinney is an appropriate class representative, resulting in even more delay. Additionally, this would prejudice the NCAA, which has waited years for a ruling on the motion for class certification. *See Rock*, 2016 WL 1270087, at *17 (S.D. Ind. Mar. 31, 2016) (citing *Davidson v. Citizens Gas & Coke Utility*, No. 1:03-CV-1882-SEB-JPG, 2006 WL 1367430, at *1 (S.D. Ind. May 16, 2006) (finding that existing parties would be prejudiced by further delay)). Accordingly, permissive intervention under Fed. R. Civ. P. 24(b) is also unwarranted.

### III.   Conclusion

For the reasons set forth above, the Court **DENIES** McKinney's Motion to Intervene. [Dkt. 255].

SO ORDERED.

Dated: 5 SEP 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.